THE BIRMINGHAM IRON FOUNDRY, Respondent, *v.* THE GLEN COVE STARCH MANUFACTURING COMPANY. Appellant.

The mechanics' lien law of 1862, for the counties of Kings and Queens (chap. 478, Laws of 1862), was intended for the protection of those who perform labor or furnish materials within this State; it has no extra territorial effect.

Where, therefore, a steam engine was purchased by, and delivered to, defendant in the State of Connecticut, which was placed in its factory in the county of Queens, *held*, that plaintiff, who furnished to the vendor the bed-plate of the engine, could acquire no lien under said statute upon defendant's premises.

As to whether such an engine is " an improvement upon lands " within the meaning of the statute, *quære.*

(Argued May 25, 1879 ; decided September 16, 1879.

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiffs, entered upon the report of a referee.

The nature of the action and the facts are set forth sufficiently in the opinion.

*O. N. Payne,* for appellant. The contract being between non-residents, made to be performed in a foreign State, did not give plaintiff a right to a lien in this State. (2 Kent's Com., 458; Strong on Confl. of Laws, §§ 272, 278; *Whitehead* v. *B. and L. H. R. Co.,* 18 How. Pr., 218; *Campbell* v. *Props. of C. and St. L. R. R.,* 18 id., 412; *Mullin* v. *Hicks,* 49 Barb., 250; *Noble* v. *Stbt. St. Anthony,* 12 Mo., 261; *Twitchell* v. *Stbt. Missouri,* 12 id., 412; *James* v. *Stbt. Pawnee,* 17 id., 517; *Stbt. Champion* v. *Jantzen,*

16 Ohio, 91; *Goodsill* v. *Brig St. Louis*, 16 id., 178; *Whitford* v. *Panama R. R. Co.*, 23 N. Y., 465; 27 Barb., 244; 30 id., 99, 433; *Rose* v. *P. and B. Paper Works*, 29 Conn., 256; *E. T. Iron Manuf. Co.* v. *Bynum*, 3 Sneed. [Tenn.], 268; *Chapin* v. *P. and B. Paper Works*, 30 Conn., 461; *Wetherill* v. *Ohlendorf*, 61 Ill., 283; *Hill* v. *Bishop*, 25 id., 349; *Spencer* v. *Bartnett*, 35 N. Y., 94.)

*Nathaniel C. Moak*, for respondent. ꞏ The engine became so far a part of defendant's real estate that plaintiff was entitled to file a mechanics' lien. (Laws of 1862, p. 941, § 1; *McRea* v. *Cent. Bank*, 66 N. Y., 489; *Ombony* v. *Jones*, 19 id., 235; *Moran* v. *Chase*, 52 id., 347; *Gross* v. *Jackson*, 6 Daly, 463; *Dobschultz* v. *Holliday*, 82 Ill., 371; *Gaty* v. *Casey*, 15 id., 189, 191.) The fact that plaintiff is a corporation of Connecticut is no defense. (Phil. on Mech. Lien, §§ 37, 53; *C. Oak L. Ins. Co.* v. *Sawyer*, 44 Wis., 387; Wharton's Confl. of Laws, §§ 273–285, 291, 321; Story's Confl. of Laws, §§ 364–372; *Greenwood* v. *Tennessee*, 2 Swan [Tenn.], 130.)

Earl, J. This is an action to enforce a lien, under chapter 478 of the Laws of 1862, against the real estate of the defendant, situated at Glen Cove, in Queens county. The plaintiff is a Connecticut, and the defendant a New York corporation. In March, 1875, the defendant made a contract with the Woodruff Iron Works, a firm doing business at Hartford, Connecticut, for a steam engine. That firm was to manufacture the engine complete and deliver it to the defendant on a vessel at Hartford, and to furnish a suitable man to superintend its erection in the defendant's starch factory at their own expense, except that the defendant was to pay his traveling expenses and board. That firm then made a subcontract for the manufacture of the bed-plate for the engine with the plaintiff, doing business at Birmingham in Connecticut. By that contract the bed was to be delivered at Hartford. In pursuance of such contract, the plaintiff

made the bed and delivered it at Hartford, and then the Woodruff Iron Works completed the engine and delivered it with the bed attached to the defendant at Hartford. It transported the engine to Glen Cove, and there placed the same in its starch factory, under the superintendence of a suitable man furnished by the Woodruff Iron Works, according to the contract as above stated. The plaintiff, not having been paid for the bed by the Woodruff Iron Works, claiming that the engine with the bed was used to improve the real estate of the defendant, filed a notice of lien for the price of the bed, under the statute above referred to, and this action is to enforce such lien.

The plaintiff's contract was made and performed in Connecticut, and the engine complete, with the bed-plate, was delivered to the defendant in that State. Upon delivery there, the title to the same vested in the defendant. The Woodruff Iron Works were to furnish a man to superintend the erection of the engine, then belonging not to them, but to the defendant.

Under such circumstances, has the plaintiff a lien under the statute? We are of opinion that it has not.

Section one of the statute provides that " any person who shall hereafter perform any labor or furnish any materials in building, altering or repairing any house, building or other improvement upon lands or appurtenances to such house or other building, by virtue of any contract with the owner thereof or his agent, or with any contractor or subcontractor," etc., shall have a lien. Such a lien does not exist at common law. It is no part of the contract to be enforced where that can be enforced. It is purely the creature of the statute. The statute has no extra territorial force. It was intended for the protection of those who performed labor or furnished materials within this State. When this engine was brought into this State and put into this factory, it belonged to the defendant. The plaintiff did not furnish any material in this State. It cannot, therefore, have the benefit of this statute.

There is another grave question, whether this engine was "an improvement upon lands," within the meaning of this statute. That and other questions discussed we do not deem it important to determine.

The judgment must be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.