MAX FINE & SONS, INC., Respondent, *v.* THE LINDAROSE, INC., and Others, Defendants, Impleaded with WOLF GELBAND, Appellant. 1901 OCEAN PARKWAY CORPORATION, Intervenor.

Second Department, May 6, 1927.

Liens — mechanic's lien — priority of subsequent mortgage over mechanic's lien — Lien Law, §§ 26–30, providing for subordination of all mechanics' liens to subsequent mortgage on consent of seventy-five per cent of aggregate of all liens is constitutional — defendant lienor's lien though he did not consent is subordinate to mortgage.

This is an action to foreclose a mortgage executed after a mechanic's lien was filed by one of the defendants, and the plaintiff contends that the mortgage is prior to the lien inasmuch as seventy-five per cent of the aggregate amount of the mechanics' liens filed consented to the subordination of all liens to plaintiff's subsequent mortgage as provided by sections 26–30 of the Lien Law. The defendant lienor's lien was filed after said sections became a law and is subject to the condition therein contained. Said statute is not unconstitutional.

APPEAL by the defendant, Wolf Gelband, from that part of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 2d day of February, 1926, upon the decision of the court rendered after a trial at the Kings Special Term, as adjudges that the appellant be

barred and foreclosed of all right, claim and lien in mortgaged premises.

*Samuel Okin,* for the appellant.

*Samuel W. Dorfman,* for the respondent.

*Leo J. Linder,* for the intervenor.

Interlocutory judgment of foreclosure unanimously affirmed, with costs, on opinion of Mr. Justice CROPSEY at Special Term.

Present — KELLY, P. J., MANNING, YOUNG, KAPPER and HAGARTY, JJ.

The following is the opinion of the court below:

CROPSEY, J.    Plaintiff claims that the mechanic's lien of defendant Gelband, though filed before its mortgage which it seeks to foreclose was recorded, is subordinate to it.    This is the only controversy. The claim is based upon provisions of the Lien Law.    They provide briefly that where the holders of at least seventy-five per cent of the aggregate amount of the mechanics' liens filed against property give their consents, all the liens so filed shall be subordinated to a bond and mortgage to be made by the owner as prescribed by the statute.    This general subject is covered by sections 26 to 30, which were added by chapter 507 of the Laws of 1916.    The necessary consents were obtained and filed and the bond and mortgage in suit were executed.    The defendant Gelband did not sign the consent and he contends that the statute is unconstitutional and that plaintiff did not show compliance with it.    Though these provisions have been on the statute books for nearly ten years, neither side has submitted any decision referring to them.    The claim of unconstitutionality seems to be groundless.    Defendant did not have any lien when the statute in question was enacted. Those who then did have liens were protected, the amendment providing that it did not apply to them.    (§ 32.)    At the time defendant acquired his lien the statute contained the provisions in question.    So while the statute gave him the right to a lien, it made that right conditional.    It was subject to the action of the holders of at least seventy-five per cent of the amount of all the liens.    They could by complying with the law make all the liens subordinate to a mortgage that was recorded later.    But as defendant's only right to a lien was derived from the statute he cannot complain because that right was thus conditionally given.    Were there no statute on the subject, the defendant would have no lien. No such lien existed at common law.    (*Birmingham Iron Foundry* v. *Glen Cove Starch Mfg. Co.,* 78 N. Y. 30, 32.)    Therefore, he is entitled

to no more than the Legislature gave him. The Constitution is in no way involved. The plaintiff desires to offer further proof to show that its mortgage was made in accordance with the provisions of the statute, so the case will be reopened, and the trial continued in chambers on January 8, 1926, at eleven A. M., when both parties may introduce further evidence.