MAX FINE & SONS, INC., Respondent, *v.* THE LINDA-
ROSE, INC., et al., Defendants, and WOLF GILBAND,
Appellant.

**Lien — mortgage — subordination of mechanic's lien to sub-
sequent mortgage — essential provisions of statute must be
strictly followed to deprive dissenting lienor of his rights —
where no formal consent to execution of mortgage was ever
given or filed rights of lienor are unaffected.**

1. Under section 29 of the Lien Law (Cons. Laws, ch. 33), a
mechanic's lien may be subordinated to a subsequent mortgage
where seventy-five per cent of the lienors, by a writing duly acknowl-
edged, authorize one or more persons to consent to the execution of
such mortgage and such consent is given in writing, duly acknowledged,
and is filed in the office of the county clerk, together with the original
authority, but a lienor may not be deprived of his rights except by
strict adherence to the essential provisions of the statute, and until
the consent is filed the results intended are not accomplished.

2. Where, therefore, the required percentage of lienors properly
authorized four persons to consent to the execution of a mortgage,
but concededly no formal consent was ever given by them and no
consent ever filed, the rights of a dissenting lienor are unaffected.
The need of a written consent is not to be supplied, as against him,
by the action of three of the four permitting, as stockholders, a mort-
gage to be executed by their corporation, and, as mortgagees, permitting
their mortgage to be subordinated to the new security.

*Fine & Sons, Inc.,* v. *Lindarose, Inc.,* 220 App. Div. 616, modified.

(Argued April 4, 1928; decided May 1, 1928).

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the second judicial
department, entered June 17, 1927, unanimously affirm-
ing an interlocutory judgment in favor of plaintiff entered
upon a decision of the court on trial at Special Term
directing the foreclosure and sale of mortgaged property.

*Samuel Okin* for appellant.   The plaintiff failed to prove
facts sufficient to constitute a cause of action against
the defendant Wolf Gelband, and the complaint should

have been dismissed as against him. (*Jasper* v. *Rozinski*, 228 N. Y. 349; *Lewis* v. *Smith*, 9 N. Y. 502; *Merchants Bank* v. *Thompson*, 55 N. Y. 7; *Emigrant Industrial Savings Bank* v. *Goldman*, 75 N. Y. 127; *Goebel* v. *Iffla*, 111 N. Y. 170; *Nelson* v. *Brown*, 144 N. Y. 384; *Anderson* v. *McNeeley*, 120 App. Div. 676; *Fern* v. *Osterhout*, 11 App. Div. 319; *Barker* v. *Burton*, 67 Barb. 458; *Jacobi* v. *Mickle*, 144 N. Y. 237; *Copasso* v. *Apfel*, 214 App. Div. 638; *Williamson* v. *Atlas Powder Co.*, 212 App. Div. 68.)

*Samuel W. Dorfman* for respondent. The complaint did not fail to state facts sufficient to constitute a cause of action against the defendant Wolf Gelband because of its failure to allege all of the facts upon which plaintiff based its claim, that the lien of the mortgage was superior to the mechanic's lien of said defendant. (*Jasper* v. *Rozinsky*, 228 N. Y. 349.) Section 29 of the Lien Law applies to the transaction in this case and its provisions have been properly and substantially complied with. (*Rochester Savings Bank* v. *Averell*, 96 N. Y. 467; *Martin* v. *Niagara Falls Paper Mfg. Co.*, 122 N. Y. 165; *Black* v. *Ellis*, 129 App. Div. 140; *Karisik* v. *Peoples Trust Co.*, 252 Fed. Rep. 324; 252 Fed. Rep. 337.)

ANDREWS, J. By this judgment a mechanic's lien has been subordinated to a subsequent mortgage. This may be done under authority of section 29 of the Lien Law (Cons. Laws, ch. 33). But a lienor is not to be deprived against his will of rights long ago conferred upon him, except by strict adherence to the essential provisions of the statute.

Where the owner of land against which liens have been filed, wishes a loan secured by a mortgage thereon, and where 75 per cent of the lienors, by a writing duly acknowledged, shall authorize one or more persons to consent to the execution of such mortgage, if such consent shall be given in writing duly acknowledged and shall be filed in the office of the county clerk, together with the original

authority, then all mechanics' liens shall be subordinated to the lien of the mortgage. So, too, from the date of the filing of the consent, priority among liens themselves is destroyed. Other results also follow. The consent may be made on condition that a certain sum be deposited with the clerk as security for claims against the property. Probably other conditions may be imposed.

The idea of the statute is to permit the necessary financing of construction unembarrassed by the objection of a few lienors. But until the consent is filed the results intended are not accomplished. Nor until filed, has a dissenting lienor any notice that his claim has been affected, and if so under what conditions. Each provision of the statute is essential. The requirement as to filing is not merely formal.

In the case before us three-fourths of the lienors did properly authorize four persons to consent to the execution of the mortgage. This authority was given by one paragraph in a long document dealing with many subjects, but it was sufficient. And it seems to be admitted that this paper was acknowledged and filed. Concededly, however, no formal consent was ever given — no document signed and acknowledged by the persons designated, acting as representatives of the lienors and in their interests.

Four men, Clarke, Lindner, Mencher and Krefetz, were named as those who might give consent on the part of the lienors. Clarke never signed any paper whatever. The reason may be stated in the brief of the respondent, but it does not appear in the record. All the stock of the Lindarose corporation was assigned to these four. They were to hold it in trust for the benefit of creditors. They were also given, for the same purposes a trust mortgage. Under these circumstances Lindner, Mencher and Krefetz, holding more than two-thirds of the stock of the Lindarose corporation, consented to the execution by it of a mortgage to the plaintiff for $45,000, that

being the mortgage here foreclosed. This was the consent required by statute to authorize the corporate action. They likewise executed an agreement, subordinating the trust mortgage mentioned to the new $45,000 mortgage. These two papers are the basis of a finding that this mortgage was executed " with the knowledge and written consent of " the four men authorized by the lienors to give such consent on their behalf. Knowledge on their part or the lack of it is immaterial. Not only is there no testimony justifying the finding of a written consent, but there is no finding that if given it was filed. The statute requires the formal consent of the persons designated, acting for the lienors, it being assumed that so acting they will protect the interests of their principals, and if necessary will impose proper conditions. The need of this formal paper is not to be supplied, as against a non-assenting lienor, by the action of some of them permitting as stockholders a mortgage to be executed by their corporation, and as mortgagees permitting their mortgage to be subordinated to the new security. And as has been said, there remains the requirement that the consent be filed.

The judgment appealed from should be modified by striking therefrom the provision which in effect decrees that Wolf Gelband and all persons claiming under him be barred and foreclosed of all right, claim, lien, etc., in the mortgaged premises, and by inserting therein a provision that the premises be sold, subject to any valid lien acquired therein by said Gelband before said mortgage was recorded. As so modified the judgment should be affirmed, with costs in all courts to said appellant Gelband.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.