In the Matter of Supplementary Proceedings: CORBIN-KELLOGG AGENCY, INC., Judgment Creditor, Respondent, *v.* JAMES TASKER, Judgment Debtor, Appellant.*

KENNETH W. PRESCOTT, Conducting Business as THE PRESCOTT SUPPLY·COMPANY, and GEORGE B. PALMER and Others, Copartners under the Firm Name and Style of FRANK PALMER & SONS, Intervening Lienors, Appellants.

Third Department, June 25, 1936.

* Revg. 158 Misc. 394.

*Herbert H. Ray*, for the appellants.

*Harry Kantor*, for the respondent.

HEFFERNAN, J. On December 3, 1935, respondent recovered a judgment in a Justice's Court in Broome county for the sum of $222.04 against appellant Tasker. The record does not show the nature of the claim upon which the judgment was based. It was asserted on the argument, and not denied, that it was founded on an unpaid premium on a policy of insurance under the Workmen's Compensation Law issued by respondent to Tasker. At the time of the rendition of the judgment Tasker had a contract with one Taylor to remodel the latter's home. Upon the completion of that contract there would be due Tasker from Taylor approximately $700.

On December 28, 1935, on the respondent's application, an order was made by the county judge of Broome county, in proceedings supplementary to execution, requiring Taylor, as a third party, to appear for examination before a referee. This order restrained Taylor from transferring or disposing of any money due from him to Tasker. The examination disclosed that there was then actually due the judgment debtor from Taylor the sum of $639.18.

On January 30, 1936, the judgment creditor obtained an *ex parte* order from the county judge directing Taylor to pay its judgment in full. There was then due from the judgment debtor to laborers and materialmen, including appellants, the sum of $770.54, for labor and materials rendered and supplied in the alterations to the Taylor property. The work under the contract was then completed. The time in which to file liens had not expired. There were but two liens aggregating $97.16 on file.

On February 3, 1936, on notice to the judgment creditor, and before its judgment was paid, the judgment debtor applied to the county judge for an order vacating the order directing payment of the judgment, on the ground that the laborers and materialmen who were the creditors of the judgment debtor were entitled to the fund. Meanwhile other liens totalling $608.21, including those of appellants, were filed, making a total of $705.37. Appellants were permitted to intervene on the application to vacate the order directing payment. The county judge refused to vacate the *ex parte* order and the appellants in this court are challenging the correctness of that ruling.

The pertinent provisions of section 13 of the Lien Law, relating to priority of liens, are: " A lien for materials furnished or labor performed in the improvement of real property shall have priority over a conveyance, mortgage, judgment or other claim against such property not recorded, docketed or filed at the time of the filing of the notice of such lien, except as hereinafter in this chapter provided; over advances made upon any mortgage or other encumbrance thereon after such filing, except as hereinafter in this article provided; and over the claim of a creditor who has not furnished materials or performed labor upon such property, if such property has been assigned by the owner by a general assignment for the benefit of creditors, within thirty days before the filing of either of such notices; and also over an attachment hereafter issued or a money judgment hereafter recovered upon a claim, which, in whole or in part, was not for materials furnished, labor performed or moneys advanced for the improvement of such real property; and over any claim or lien acquired in any proceedings upon such judgment. Such liens shall also have priority over advances made upon a contract by an owner for an improvement of real property which contains an option to the contractor, his successor or assigns to purchase the property, if such advances were made after the time when the labor began or the first item of material was furnished, as stated in the notice of lien."

Courts are required to give the mechanics' lien statute a liberal construction in order to effectuate the beneficial interests and purposes thereof. (Lien Law, § 23.)

In making the order which he did we think the county judge erred in his construction of section 13. He based his decision solely on the first clause of that section which provides, in substance, that liens for materials or labor " shall have priority over a conveyance, mortgage, judgment or other claim against such property not recorded, docketed or filed at the time of the filing of the notice of such lien, except as hereinafter in this chapter provided." This is apparent from his opinion in which he said: " However, I read

that portion of the section to mean that such liens only have priority over a judgment not docketed at the time of the filing of the lien. The judgment was obviously docketed at the time of filing the claimant's liens. In fact, the records of the County Clerk's office show that the claimant's liens were not filed until two days after the order under Section 794, C. P. A., was granted."

Section 13 of the Lien Law of 1909 was amended by chapter 507 of the Laws of 1916. Since this amendment the word " judgment " used in the quoted clause applies only to judgments recovered prior to the date of such amendment. This is obvious from the last clause of the first sentence of the section whereby priority is accorded liens for materials and labor, which reads as follows: " and also over an attachment hereafter issued or a money *judgment hereafter recovered* upon a claim which, in whole or in part, was not for materials furnished, labor performed or moneys advanced for the improvement of such real property; *and over any claim or lien acquired in any proceedings upon such judgment.*" Construing the language of this section liberally as we must it is but reasonable to conclude that the Legislature never intended that such a lien should merely have priority over unrecorded instruments or undocketed judgments. The Legislature evidently intended to place all claimants for materials, labor and money used in the improvement of the property on a par, regardless of whether the claim was prosecuted by lien, money action or attachment.

The judgment in question is not one for which an attachment or lien could be secured. The only judgment which can have priority over mechanics' liens is one founded on a claim based solely on materials furnished, labor performed or moneys advanced for the improvement of real property.

The money due the judgment debtor from the owner of the property improved constituted a trust fund belonging to laborers and materialmen. (Lien Law, § 36-a.) The judgment of respondent is subordinate to the liens involved in this proceeding.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion to vacate the same is granted, with ten dollars costs, and the respondent is directed to pay the amount of such judgment into court for the benefit of those entitled thereto.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion to vacate same granted, with ten dollars costs, and respondent directed to pay the amount of such judgment into court for the benefit of those entitled thereto.