WARWICK SAVINGS BANK, Plaintiff, v. LONG ISLAND CHAPTER KNIGHTS OF COLUMBUS SOCIAL SERVICE, INC., and Others, Defendants.

ANTHONY LICHTENBERGER and AUGUSTA LICHTENBERGER, Copartners Doing Business under the Trade Name of MONROE COAL AND LUMBER Co., Claimants, Appellants; DALY & BOYLE, INC., and SUNGLO-SILLS COMPANY, INC., Claimants, Respondents.

Second Department, February 4, 1938.

*Elwood C. Smith*, for the appellants.

*David Polmer*, for the respondent Daly & Boyle, Inc.

*Benjamin Weintraub*, for the respondent Sunglo-Sills Company, Inc.

PER CURIAM.  After sale, in an action to foreclose a mortgage, the real property was conveyed by referee's deed dated and delivered September 12, 1935.  The referee's report of sale, which showed a surplus, was confirmed by order dated January 21, 1936.  This appeal is concerned with three judgments against the owner of the mortgaged property, which judgments were docketed after the referee had delivered the deed but before the sale was confirmed. The question is whether these judgment creditors are entitled to share in the surplus moneys in accordance with the priority of the docketing of their judgments or to share *pro rata* in the common fund.  We do not have here any question of the rights of general and judgment creditors and the priorities among them.

Judgments docketed prior to the delivery of the referee's deed are liens on the realty that pass to the surplus moneys, and are payable in order of priority of docketing.  (*Nichols* v. *Howell*, 116 Misc. 340.  See, also, *Nutt* v. *Cuming*, 155 N. Y. 309, at p. 313.)

Rule 262 of the Rules of Civil Practice provides that any person may file a notice of claim to surplus moneys at any time before the sale is confirmed.  It provides, further, that surplus moneys may be distributed as may seem just to the court.  Section 1082 of the Civil Practice Act also provides that the surplus moneys are " subject to the further order of the court."

Appellants' judgment was docketed September 13, 1935.  The judgments of respondents Daly & Boyle, Inc., and Sunglo-Sills Company, Inc., were docketed respectively September 19, 1935, and October 7, 1935.  Notices of claims to the surplus moneys were filed with the clerk by respondent Daly & Boyle, Inc., on September 19, 1935; by appellants on September 21, 1935, and by

respondent Sunglo-Sills Company, Inc., on October 14, 1935. Thus all the judgments were docketed and all the notices of claims were filed after the referee's deed was delivered and before the sale was confirmed. In our opinion, the surplus moneys were properly distributed among these three claimants in proportion to the size of their respective claims, without priority.

The resettled order, in so far as an appeal is taken therefrom, should be affirmed, with ten dollars costs and disbursements.

HAGARTY, CARSWELL, DAVIS, ADEL and CLOSE, JJ., concur.

Resettled order, in so far as an appeal is taken therefrom, affirmed, with ten dollars costs and disbursements.