## In re SILTUK CONST. CORPORATION.
### No. 38584.

District Court, E. D. New York.
April 11, 1941.

Maxwell Berman, of New York City, for judgment-creditor Del Turco Bros., Inc. (for motion).

Samuel Hart, of Brooklyn, N. Y., for trustee (opposed).

BYERS, District Judge.

Hearing on petition to review an order of a referee in bankruptcy dated January 30, 1941, granting an application of the trustee to direct the City of New York to pay over $2,790.79, the sum conceded to be due to the above-named bankrupt under contract number P. W. 68-18, for the construction of the Astoria health center, which order provides that "all liens and claims filed in the office of the Treasurer

of the City of New York against moneys due or to become due under said contract * * *" are to "await the further hearing and determination by this Court of the validity and extent of said alleged liens".

One purpose of the said order was to avoid all such so-called liens, including one of Del Turco Bros., Inc., the creditor here seeking review.

The adjudication of the bankrupt occurred on April 22, 1940, and over a year prior thereto Del Turco Bros., Inc., then having an unsatisfied judgment against the bankrupt for work done as a subcontractor under that contract, procured an order from the City Court of the City of New York, dated March 8, 1939, which directed that the Department of Health of the City of New York and the City Treasurer "pay over unto the within judgment creditor Del Turco Bros., Inc., out of the moneys due the judgment debtor Siltuk Construction Corporation, under contract number P. W. 68-18 aforementioned, the sum of $137.43, pursuant to Section 794 of the Civil Practice Act, upon the service of a certified copy of this order with notice * * *"; and further, "that the payment thus made shall be, to the extent thereof, a discharge of the indebtedness except as against a transferee from the judgment debtor in good faith and for a valuable consideration of whose rights the person or corporation had actual or constructive notice when payment was made". (Seemingly there was none.)

The theory of the trustee is that the foregoing order should be vitiated in this bankruptcy proceeding, and that the creditor who procured it should have nothing for its pains.

The referee has agreed with the trustee, and seems to rely on the cases of Corbin-Kellogg Agency, Inc. v. Tasker, 248 App. Div. 58, 289 N.Y.S. 156, and In re Koch, 2 Cir., 116 F.2d 243, and his conclusion is that the order sought to be reviewed brings into the bankruptcy court the entire amount unpaid by the City to the bankrupt, and secures to the trustee the right to then litigate what Del Turco Bros., Inc., established on March 8, 1939, in the City Court. His decision indicates that he does not intend that the said City Court order shall be deemed effective for any purpose.

The position of Del Turco is that it has the right to look to the City to perform the terms of the said order, and consistently therewith has not filed a claim in this proceeding.

It is difficult to understand on what theory a court of bankruptcy can ignore that order. Reference to the Civil Practice Act indicates that the relevant section was enacted in 1935; it provides that after the special proceeding therein authorized has been instituted by a judgment-creditor, the Court, upon being satisfied that a person or corporation is indebted to the judgment-debtor and upon notice to such persons as the Court deems just, may make an order permitting that person or corporation to pay to a sheriff designated in the order a sum on account of the alleged indebtedness not exceeding the sum which will satisfy the judgment or execution, or pay to the judgment-creditor such a sum, unless a receiver has been appointed, in which case the payment is to be to him.

Apparently to effectuate the foregoing, it is provided in subdivision 2, that the judgment-creditor may, by notice of motion served upon the judgment-debtor and such third party, apply to the Court for an order directing the third party to pay to the judgment-creditor (unless a receiver has been appointed) the desired sum. If the Court is satisfied that the third party is indebted to the judgment-debtor, it must grant such an order unless it shall appear that a trial is necessary.

Such is the order which Del Turco procured over the opposition of the attorney for the judgment-debtor; there was no opposition by the third party, namely, the City of New York.

Had that order been obeyed, Del Turco would have been paid long in advance of the institution of the bankruptcy proceeding, and the present controversy would not have arisen.

Why the circumstance of non-payment, namely, the failure of the City to obey, should clothe a bankruptcy court with power to devitalize the order of a competent court whose jurisdiction is not questioned, has not been made to appear.

Corbin-Kellogg Agency, Inc. v. Tasker, supra, cited by the referee, does not relate to or discuss any provision of the Civil Practice Act.

In re Koch, supra, deals only with the defective title of a Martin Act (New York State Statute—General Business Law, Consol.Laws N.Y. c. 20, § 352 et seq.) Receiver in Chapter 11 proceedings. The relevancy of the citation is not apparent.

In this case, the judgment-creditor went beyond the one whose practice was examined in Re Neptune Avenue, 165 Misc. 309, 299 N.Y.S. 736; namely, he procured the order authorized by Section 794 of the Civil Practice Act.

The trustee argues also that no effect can be given to the order, because there can be no lien upon a debt owed by the City to the bankrupt. Matter of Delaney, 256 N.Y. 315, 176 N.E. 407. That case was decided in 1931, or four years before the said section was enacted.

In that case it was held that a receiver appointed in supplementary proceedings could not take into his custody a bank account of the corporate judgment-debtor, pursuant to an order in that proceeding; and that the debt arising from the relation of the bank to its depositor was not a tangible asset capable of delivery in specie.

There seems to be no present necessity for over-refinement of reasoning with respect to the possibility of the existence. of a lien upon a debt as distinguished from a specific res.

The legislature was dealing with practical things and was so concerned with securing the payment of a debt justly due, out of another debt payable to the judgment-debtor, that it attached no label whatever to the remedy. The applicable section of the Civil Practice Act makes no reference to liens, and decisions construing the Lien Law of New York do not illuminate the present controversy. It does not pertain to this Court to inquire as to whether the City Court order should have been granted, and that is what the trustee would like to have it do, although it antedated adjudication by more than a year.

So long as Del Turco is satisfied to pursue its remedies under that order, it seems clear to me that the bankruptcy court rests under no duty to other creditors to destroy rights which the legislature of the State of New York intended to. create.

It results that the petition to review must be granted to the extent that the trustee is entitled to bring into the bankrupt estate, only the balance conceded to remain unpaid to the bankrupt, under the said contract, after the City shall have deducted the amount ordered to be paid by it to Del Turco Bros., Inc., and the order is to provide that the said order of the City Court, dated March 8, 1939; is recognized as being unimpaired and unaffected by the adjudication of this bankrupt, and by any action taken or ·attempted by the trustee.

Settle order.