Samuel Babin, J.
On July 24, 1957 the parties entered into a contract, pursuant to which the plaintiff agreed to sell and the defendants to purchase certain land to be improved by a one-family dwelling. Claiming that the defendants defaulted in accepting the tendered title at the closing, plaintiff brought an action to declare them in default and that all moneys paid under the contract belong to the plaintiff as liquidated damages. The defendants assert in their answer eight defenses, the last five also by way of counterclaim. These include $10,925 paid to the plaintiff on account of the purchase price, $350 paid to a third person for engineering surveys and services, $5,366.89 for obligations incurred by them to a third person for the construction of a swimming pool on the premises, $3,116 expenses claimed to have been incurred as the result of the defendants’ cancellation of a contract of sale of the residence owned by them and $4,135.65 paid by the defendants to various contractors and subcontractors for appliances, electric and plumbing work, fill and ground improvement of the premises.
Plaintiff now moves, pursuant to section 124 of the Civil Practice Act, for an order canceling the Us pendens filed by the defendants herein upon furnishing an undertaking in the sum of $10,925, or such other sum as the court may deem sufficient.
*328 Inasmuch as the counterclaims interposed by the defendants seek only that a lien be adjudged upon the premises for the foregoing amounts with interest, and specific performance is not sought, the furnishing of security will adequately protect the defendants in the instant case. The only question is the amount thereof. It is the contention of the plaintiff that the amount of the undertaking should be limited to the $10,925 which the defendants paid on account of the purchase price under the contract and that the remaining claims embraced by the counterclaims are for damages allegedly sustained by the defendants for which they have no vendee’s lien and for which they are not entitled to file a lis pendens.
A vendee has an equitable lien under an executory contract for any moneys paid by him under the contract so long as the failure to carry out the sale has not been the result of any default on his part (Holden v. Efficient Craftsman Corp., 234 N. Y. 437, 440; Occidental Realty Co. v. Palmer, 117 App. Div. 505, affd. 192 N. Y. 588), and such a lien is the proper subject for the filing of a Us pendens (Interboro Operating Corp. v. Commonwealth Sur. & Mtge. Co., 269 N. Y. 56). No lien, however, exists by reason of a personal obligation even though the real estate may incidentally be involved. (Mount Vernon Co. Silversmiths v. Mount Vernon Metal Prods. Co., 202 App. Div. 753.) Thus, a vendee has been held to have no lien for the profits of his bargain (Holden v. Efficient Craftsman Corp., supra), or counsel fees paid or expenses incurred on examination of title (Ungrich v. Shaff, 119 App. Div. 843) unless, of course, these have been made a lien by the contract itself (Bulkley v. Rouken Glen, Inc., 222 App. Div. 570). It follows from the foregoing that the defendants have no equitable lien for the damages they allegedly sustained as the result of the cancellation of their contract to sell their own residence.
The remaining claims, however — for engineering surveys and services, for the construction of the swimming pool and the appliances, electric and plumbing, fill and ground work of the premises involved — are for improvements to the premises contracted to be sold. It has been held that where a vendee, under an agreement to sell, has taken actual possession of the land, he is entitled to an equitable lien on the premises for the moneys expended for improvements thereon. (King's Heirs v. Thompson, 9 Pet. [34 U. S.] 204; Gibert v. Peteler, 38 N. Y. 165.) Here, the defendants vendees never took possession of the premises before making the improvements and consequently they could have no lien thereon upon that basis. In both of the cases cited, *329 moreover, the lien was allowed specifically upon the ground that the moneys paid out for improvements constituted part payment of the consideration which the vendee was to pay for the land. In Gibert v. Peteler (supra), a vendee was held to have an equitable lien for the moneys paid out for improvements because they constituted, in effect, a part of the consideration, it having been stipulated in the contract that the purchaser should make the improvements before becoming entitled to a conveyance.
In the case at bar, however, there is nothing in the papers submitted to the court, nor in the contract of purchase and sale, which would indicate that the moneys paid out by the defendants in improvement of the property under contract was in any way part of the consideration, nor did the parties agree that the purchasers should make the improvements before becoming entitled to a conveyance. It would appear that the defendants voluntarily laid out moneys or became obligated for the improvements described wdiich they allegedly made on property which they did not own and for which there was no provision in the contract. Under these circumstances, they could have no lien for such improvements and consequently could file no Us pendens therefor in an action to recover the moneys expended by them for such improvements. That being the case, the court cannot perceive any basis for considering such improvements in fixing the amount of the undertaking which the plaintiff should file as a condition for the cancellation of the Us pendens.
Accordingly, the motion is granted on condition that the plaintiff furnish an undertaking in the sum of $12,500 which should be sufficient to secure the vendee’s lien for the down payment made under the contract, with interest and costs.
Proceed on notice.