Bernard S. Meyer, J.
Motion to dismiss the complaint pursuant to rules 106 and 107 of the Buies of Civil Practice, and for the cancellation of a lis pendens granted to the extent of cancelling the lis pendens; otherwise denied. Plaintiff is correct in its contention that the motion under rule 107 is unsupported by defendants’ papers and that the rule 106 motion, not being addressed to the separate causes of action, but simply to the complaint as a whole (and there being no request in the order to show cause for other and further relief) must be dismissed because the second and third causes of action are sufficient.
*676 Plaintiff is incorrect, however, in concluding that the sufficiency of the first cause of action to sustain an action to impress a lien upon real property may not be considered on the motion to cancel the lis pendens. (Gokey v. Massey, 278 App. Div. 630.) Unless the complaint states a cause of action affecting real property, the lis pendens must be cancelled. (Marpret Constr. Corp. v. Hargust Land Corp., 214 App. Div. 792; St. Regis Paper Co. v. Santa Clara Lbr. Co., 62 App. Div. 538.) The first cause of action alleges defendants’ ownership of real property, a contract by defendants with plaintiff whereby plaintiff agreed to erect a house on said property for $12,750, completion of the house and payment of $11,206, the fact that plaintiff’s work, labor and materials improved defendants’ property and enhanced its value, that defendants are about to sell the property, and that defendants will be unjustly enriched unless plaintiff is decreed to have an equitable lien.
An equitable lien may be decreed upon proof of the expenditure of money in the improvement of real property by a person in a confidential relationship to the owner (Petrukevich v. Maksimovich, 1 A D 2d 786; Marum v. Marum, 21 Misc 2d 474) or proof of an intention that the premises would be held as security for the obligation (Di Niscia v. Olsey, 162 App. Div. 154; Conkling v. First Nat. Bank of Olean, 286 App. Div. 537; see Towner v. Berg, 5 A D 2d 481). In the instant case, no confidential relationship is alleged, nor is it alleged that plaintiff is entitled to a contractual lien. On the facts alleged in the complaint, plaintiff’s only claim to a lien is that its work, labor and materials having gone into the premises, the intention that the premises stand as security must be implied. This, of course, is the basis of and reason for the mechanic’s lien provisions of the Lien Law, and, as the attorney for plaintiff revealed on oral argument, plaintiff was entitled to and filed for a mechanic’s lien but lost its lien by failure to comply with the Lien Law. It is, however, well settled that at common law, mechanics ’ liens were not recognized on either the law or the equity side of the court. (Canal Co. v. Gordon, 6 Wall [73 U. S.] 561, 571; Birmingham Iron Foundry v. Glen Cove Starch Mfg. Co., 78 N. Y. 30, 32; Fine & Sons v. Lindarose, 220 App. Div. 616, 617, affd. 248 N. Y. 137; Hall v. Thomas, 111 N. Y. S. 979, 982; Blanc, Mechanics’ Liens, p. 1; 57 C. J. S., Mechanics’ Liens, § 1, subd. c, p. 474; 36 Am. Jur., Mechanics’ Liens, § 3, p. 19.) No mechanics’ lien, equitable or otherwise, having existed prior to statute, no equitable mechanics’ lien can be decreed in this case (General Elec. Co. v. Mori, 201 N. Y. S. 561; Withrow Lbr. Co. v. Glasgow Inv. Co., 101 F. 863, 868; Buettner Bros. v. Good Hope Mis *677 sionary Baptist Church, 245 Ala. 553; see Western Woodworking Co. v. Kaskel, 133 N. Y. S. 2d 632, 634). While Andrews v. Hancock (128 Misc. 800) reaches a contrary conclusion, its result was based on general equitable lien law and did not take into consideration that fact that no equitable mechanic’s lien was recognized at common law. It follows that the first cause of action is insufficient to support the lis pendens.