John T. Casey, J.
On June 9, 1964 realty owned by the defendant 1395 E. 52nd Street Realty Corp. (hereinafter called the 1395 Corp.) was sold an a Referee’s deed delivered to the purchaser pursuant to a judgment of foreclosure and sale which was obtained by the plaintiff mortgagees. After payment of the statutory costs and expenses, a surplus of $5,188.33 was deposited with the Treasurer of Sullivan County.
Five parties claim an interest in the surplus. A Referee, appointed to determine the priority of these claims and the order of distribution, found the New York State Tax Commission, the New York State Electric & Gas Corporation and the Lucyk Construction Co., Inc., entitled to payment in that order. It was stipulated before the Referee that the documents submitted by the various claimants would form the basis of his determination since the facts were undisputed.
All the parties agree that the claim of the New York State Tax Commission in the amount of $61 plus interest from1 March 15, 1965 at 3%% per annum is entitled to first priority as the Referee determined, and it is so found. (Goldberg v. Feltman’s of Coney Is., 144 N. Y. S. 2d 250.)
The New York State Electric & Gas Corporation (hereinafter called the Electric Co.) is the vendee for fair consideration of an easement conveyed to it by the 1395 Corp. and recorded on July 3, 1963. At that time the plaintiffs’ mortgage was a duly filed and recorded lien upon the realty and the easement was purchased with notice thereof, and became subordinate thereto. Consequently the easement was extinguished by the foreclosure sale. (Rector, etc., Christ Protestant Episcopal Church v. Mack, 93 N. Y. 488; Naccash v. Hildansid Realty Co., 236 App. Div. *439 686, appeal dsmd. 262 N. Y. 588.) The Electric Co. is, therefore, entitled to recover the value of the loss of its easement from the surplus money. (Winthrop v. Welling, 2 App. Div. 229.) Since the original purchase and the repurchase necessitated by the foreclosure was $1,500, it is generally agreed that that amount is the fair value of the loss. Therefore, the claim of the Electric Co. in the amount of $1,500 plus interest at 314% per annum from July 15, 1964 is entitled to second priority, as the Referee so found.
The third claim (that of Lucyk Construction Co., Inc.) is founded upon a default judgment taken by Lucyk against 1395 Corp. and docketed on May 14, 1965 (subsequent to the sale and delivery of the Referee’s deed in the foreclosure action). Lucyk claims priority as a mechanic’s lienor because its judgment was for materials furnished or labor performed for the improvement of the realty prior to foreclosure. Admittedly, however, Lucyk failed to file any notice of lien as required by the Lien Law (Lien Law, §§ 3, 10). It may not, therefore, claim the status of a mechanic’s lienor. (Billson Housing Corp. v. Harrison, 26 Misc 2d 675; see Ingram & Greene v. Wynne, 47 Misc 2d 200, 204.) Recognizing this possibility, Lucyk further urges that it should be regarded as the holder of an “ equitable ’ ’ lien. Equitable liens arise only upon proof that money was expended for the improvement of the premises by a person in a confidential relationship to the owner (Petrukevich v. Maksimovich, 1 A D 2d 786; Marum v. Marum, 21 Misc 2d 474; see Billson Housing Corp. v. Harrison, supra) or upon proof of an agreement that the premises would be held as security for the obligation. (See Billson Housing Corp. v. Harrison, supra.) Failing to show either a confidential relationship or an agreement that the premises would be held as security for the obligation, Lucyk’s claim' of “ equitable ” lienor is untenable. Contrary to the Referee’s determination of third priority, Lucyk is merely a judgment creditor whose judgment was docketed after the delivery of the Referee’s deed in the foreclosure action. Judgments docketed prior to delivery of a Referee’s deed in a mortgage foreclosure are liens on realty that pass to surplus moneys and are payable in order of priority of docketing (Warwick Sav. Bank v. Long Is. Chapter K. of C. Social Serv., 253 App. Div. 276) or as otherwise provided under section 13 of the Lien Law. (Cobleskill Sav. & Loan Assn. v. Rickard, 15 A D 2d 286; Corbin Kellogg Agency v. Tasker, 248 App. Div. 58; Betcher v. Rademacher, 35 Misc 2d 693.) Judgments docketed after delivery of Referee’s deed in foreclosure proceedings, however, are not liens which pass to surplus moneys, since there is no lien in existence at the *440 time of th^ foreclosure sale which can be transferred to the fund. (Goldberg v. Feltman’s of Coney Is., 144 N. Y. S. 2d 250, supra; Nutt v. Cuming, 155 N. Y. 309.) Claims to surplus moneys and judgments docketed after delivery of the Referee’s deed are entitled only to distribution in proportion to the size of the respective- claims, without priority. Lucyk may, therefore, share the balance of the surplus pro rata with other similarly situated creditors. (Warwick Sav. Bank v. Long Is. Chapter K. of C. Social Serv., 253 App. Div. 276, supra.)
Rofam Associates, Inc., makes a two-fold claim; first as a vendee lienor and second as a judgment creditor. It appears that Rofam entered into a written agreement to purchase the subject realty from the defendant 1395 Corp., prior to the Referee’s deed, but paid no consideration for the purchase. Rofam, however, sued the defendant for breach of contract for failure to convey and entered a judgment in this action upon the defendant’s default on November 23, 1965 which judgment was recorded in Sullivan County on November 23, 1965 (also after the delivery of the Referee’s deed of foreclosure). A vendee of a contract for the sale of realty has a lien on the premises only for the amount paid down on the contract and for the other incidental expenses set forth in the contract. (Davison v. McDonald, 124 Misc. 726, affd. 216 App. Div. 759.) No such lien attaches, however, where the judgment recovered is based upon a breach of contract. (Holden v. Efficient Craftsman Corp., 234 N. Y. 437; Elterman v. Hyman, 192 N. Y. 113; Sewane Greens v. Bailey, 15 Misc 2d 327.) As a judgment creditor subsequent to the delivery of the Referee’s deed, Rofam must share the balance of the surplus, if any, pro rata with Lucyk. (Warwick Sav. Bank v. Long Is. Chapter K. of C. Social Serv., supra.)
The claim of the attorneys Sakofsky & Greenberg is based on an assignment from the defendant 1395 Corp. on November 6, 1964 and filed May 20, 1965. At the time of the assignment, which was subsequent to the foreclosure sale, 1395 Corp. ’s interest in the surplus money was limited to the amount remaining after payment of all claims to the surplus fund. (Clarkson v. Skidmore, 46 N. Y. 297; 3 Rasch, New York Law and Practice of Real Property, § 2582; 15 Carmody-Wait 2d, New York Practice, § 92:443.) The interest that 1395 Corp. could and did assign to Sakofsky & Greenberg for attorneys’ fees is, therefore, subject to and subordinate to the claims of the New York State Tax Commission, the Electric Co., Lucyk Corp., and Rofam Associates, Inc.
Accordingly, the report of the Referee should be modified to show that claimants Lucyk and Rofam are to share pro rata in *441 the surplus remaining after the fees and expenses of the County Treasurer and the Referee have been paid and after the claims of the New York State Tax Commission and the New York State Electric & Cas Corporation have been satisfied, and as so modified the report is confirmed.