Edward S. Conway, J.
This is a motion by the plaintiff for an order confirming the report of the Referee with respect to the validity of the mechanic’s lien of the plaintiff and all of the defendants except for Italian-American Civil Rights League, and directing the sale of the real property of the defendant Italian-American Civil Rights League, Inc.
Frigitemp Corp. makes a cross motion for an order making it a party to the above-captioned proceedings and amending the Referee’s report to include the judgment of Frigitemp Corp. in the amount of $38,236.12 or, in the alternative, cross-moves to deny confirmation of said report of the Referee on the ground that the judgment pf Frigitemp Corp. and the UCC No. 1 lien filed June 30, 1971 is not set forth therein.
This is an action brought to foreclose a mechanic’s lien filed by plaintiff, Hurley Sand & Gravel Co., Inc. against the real property of the defendant Italian-American Civil Rights League, Inc. The remaining defendants are also either mechanic’s lienors or holders of judgments of record prior to the date of filing a Us pendens in August, 1972, who set forth the facts regarding their liens in their respective answers. The issues in the action were referred to a Referee with directions to hear and report. The Referee reported that all liens were valid in the respective amounts shown in said report. The action was commenced in August of 1972 and a lis pendens was filed at the same time.
*307 The instant motion is made for the purpose of approving said report and directing the sale of the real property to satisfy the mechanic’s liens and also some judgments which were obtained subsequent to all the mechanic’s liens but prior to the time of the commencement of the action.
Frigitemp Corp., the cross movant, obtained a judgment on April 30, 1973 which was docketed in the Ulster County Clerk’s office in May, 1973. Frigitemp Corp. originally was a secured party by reason of the filing of a UCC No. 1 financing statement covering food service equipment maintained on the premises which is the subject matter of the foreclosure action on June 30, 1971.
The cross movant contends that because it furnished materials for the improvement of the real property and could have filed a mechanic’s lien, it is entitled to the status of a mechanic’s lienor. Further, Frigitemp Corp. contends that under section 62 of the Lien Law it is a proper party.
The court cannot agree with these contentions of the cross movant.
Section 62 of the Lien Law, insofar as applicable, provides as follows: “A lienor who has filed a notice of lien after the comencement of an action in a court of record to foreclose or enforce a mechanic’s lien against real property or a public improvement, may at any time up to and including the day preceding the day on which the trial of such action is commenced, make application upon notice to the plaintiff or his attorney in such action, to be made a party therein. Upon good cause shown, the court must order such lienor to be brought in by amendment ”.
This statute is specifically limited to notices of mechanic’s liens and does not include judgment creditors even though their judgment is a lien against real property (Brockhurst Co. v. City of Yonkers, 270 N. Y. 459). Section 62 applied in terms only to a lienor. A lienor includes only those persons who have complied with the sections of the Lien Law to protect their rights as against the property involved.
The cross movant has no priority as a mechanic’s lienor even though the material it furnished improved the realty because it failed to file any notice of mechanic’s lien as required by section 3 and section 10 of the Lien Law (Anderman v. 1395 E. 52nd St. Realty Corp., 60 Misc 2d 437, 439; Billson Housing Corp. v. Harrison, 26 Misc 2d 675).
Frigitemp Corp. may share in the surplus moneys arising out of the sale, if any, in this action, but may not be permitted to *308 intervene in the foreclosure proceedings (Anderman v. 1395 E. 52nd St. Realty Corp., supra).
The cross motion of Frigitemp Corp. to intervene is therefore denied, and the motion of the plaintiff to confirm the Referee’s report is granted.