SUTTON PLACE APARTMENTS and
Gene B. Glick Company,
Inc., Plaintiffs,

v.

UNITED STATES of America et
al., Defendants.

No. Civ. 75–332.

United States District Court,
W. D. New York.

Feb. 10, 1976.

Anthony J. Colucci, Block, Colucci, Callanan & Crangle, Buffalo, N. Y., for plaintiffs.

Sydney L. Teibel, Buffalo, N. Y., for defendant Nero.

Leonard J. Brizdle, Brizdle & Hankin, Buffalo, N. Y., for defendant Clarence Sand & Gravel.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y. (Asst. U. S. Atty. Kenneth A. Cohen, Buffalo, N. Y., of counsel), for defendant United States.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Sutton Place Apartments ("Sutton Place"), a partnership, engaged Gene B. Glick Company, Inc. ("Glick") as general contractor to construct certain residential premises ("the project"). R. J. Nero Construction Co., Inc. ("Nero"), was a subcontractor and Clarence Sand and Gravel Corp. ("Clarence") supplied materials to Nero for the project.

On October 1, 1974, the United States ("U.S.") claimed Nero owed taxes in the sum of $45,562.12, a certain part of which U.S. claims arose from taxes such as withholding, social security, etc., attributable to the construction of the project. On said date, U.S. served upon Glick a notice of levy of U.S.'s said claim against Nero. On October 23, 1974 a notice of lien against Nero for the said tax claim was filed by U.S. in the Erie County Clerk's Office. Two days later, U.S. filed a notice of lien for said tax claim against Nero with the Office of the New York State Secretary of State. All this was done in compliance with the provisions of 26 U.S.C. § 6323, and New York's Lien Law, § 240.

On January 17, 1975, Clarence entered a judgment against Nero for $3,413.90 for materials supplied to Nero for the project. At no time did Clarence file a notice of mechanic's lien against the project or the real property thereby improved as it could have done in compliance with Section 3 of the New York State Lien Law. After entering the said judgment against Nero, Clarence served a restraining notice upon Glick demanding that Glick turn over to Clarence the amount of said judgment. Thereupon Glick and Sutton Place paid into Court, pursuant to Rule 22(1) of the Federal Rules of Civil Procedure, the sum of $27,271.71 which presumably Glick had received or had a right to receive from Sutton Place in partial payment of the amount due for the construction of the project, leaving to the court the determination of priority disputes among U.S., Clarence and others.

Clarence claims that its judgment against Nero has priority over the claim of U.S. because it is for materials furnished for the project and, as such, is the same as a mechanic's lien and entitled to priority or preference over U.S.'s tax lien. This court cannot agree with this contention for the reasons hereinafter set forth.

■ In order to obtain a mechanic's lien, Clarence was required to comply with the requirements of Article 2 of New York's Lien Law and, particularly, with Sections 3, 9, 10, and 11 thereof. It failed to do so. Instead, it chose to try to collect what was due it by obtaining a judgment against Nero, the subcontractor with whom it was doing business. It could have chosen both remedies, but it chose only to seek a judgment. A mechanic's lien, to which it was entitled, would have attached to or encumbered the real property and would have afforded Clarence certain priorities. The judgment against Nero did not attach to or encumber the real property and did not have the priorities of a mechanic's lien, even though it was based on money due for materials furnished for the improvement of the real property.

In *Anderman v. Street Realty Corp.*, 60 Misc.2d 437, 303 N.Y.S.2d 474 (S.Ct., Sullivan Co., 1969), the court said, at 476–477: "The third claim (that of Lucyk Construction Co., Inc.) is founded upon a default judgment * * *. Lu-

cyk claims priority as a mechanic's lienor because its judgment was for materials furnished or labor performed for the improvement of the realty prior to foreclosure. Admittedly, however, Lucyk failed to file any notice of lien as required by the Lien Law. (Lien Law §§ 3, 10) It may not, therefore, claim the status of a mechanic [sic] lienor. *Billson Housing Corp. v. Harrison*, 26 Misc.2d 675, 205 N.Y.S.2d 387 * * *."

In *Billson* (S.Ct., Suff.Co., 1960) the builder of a house on defendant's realty sought to impress an equitable lien thereupon. The court said, 205 N.Y.S.2d at 389:

"An equitable lien may be decreed upon proof of the expenditure of money in the improvement of real property by a person in a confidential relationship to the owner * * * or proof of an intention that the premises would be held as security for the obligation * * *. In the instant case, no confidential relationship is alleged, nor is it alleged that plaintiff is entitled to a contractual lien. On the facts alleged in the complaint, plaintiff's only claim to a lien is that its work, labor and materials having gone into the premises, the intention that the premises stand as security must be implied. This, of course, is the basis of and reason for the mechanic's lien provisions of the Lien Law, § 1, et seq., and as the attorney for the plaintiff revealed on oral argument, plaintiff was entitled to and filed for a mechanic's lien but lost its lien by failure to comply with the Lien Law. It is, however, well settled that at common law, mechanics' liens were not recognized on either the law or the equity side of the court. * * * No mechanics' lien, equitable or otherwise, having existed prior to the statute, no equitable mechanics' lien can be decreed in this case * * *.

 However, although Clarence is not a mechanic's lienor, it is a trust beneficiary, along with U.S. (under the provisions of Section 71 of Article 3–A of New York's Lien Law) of the funds deposited by Glick with the court for the benefit of such claimants. Sections 70, 71 and 77.8(a) of Article 3–A are particularly applicable to the question whether the claim of either U.S. or Clarence has any priority or preference over that of the other. The answer seems to be clear that the claim of U.S. has priority over Clarence's claim. Subdivision 8 of section 77 of Article 3–A reads in pertinent part as follows:

" * * * in any distribution of trust assets pursuant to order or judgment in an action to enforce a trust, the following classes of trust claims shall have preference, in the order named: (a) trust claims for taxes and for unemployment insurance and other contributions, due by reason of employments, and for amounts of taxes withheld or required to be withheld; * *.

"Except as provided in this subdivision, trust claims entitled to share in any distribution of trust assets pursuant to order of the court shall share pro rata."

It seems from this statute that U.S.'s lien for unpaid withheld income taxes, social security taxes and unemployment insurance taxes connected with and arising from the construction work involved clearly has priority over the claims of Clarence based on its judgment against Nero.

The cases cited by Clarence in its brief are to be distinguished from the instant case. In *Aquilino v. United States*, 10 N.Y.2d 271, 219 N.Y.S.2d 254, 176 N.E.2d 826 (1961) the claimants were mechanic's lienors; Clarence is solely a judgment creditor-trust beneficiary and is not a mechanic's lienor. Furthermore, in *Aquilino*, the debt due U.S. was not for withheld but unpaid income and social security taxes which in any way connected with the particular project which the trust fund assets arose, but were due to U.S. before the contract for the particular project was entered into. *Corbin-Kellogg Agency v. Tasker*, 248 App.Div.

58, 289 N.Y.S. 156 (3rd Dept., 1936), and *Cobleskill Savings and Loan Assn. v. Rickard*, 15 A.D.2d 286, 223, N.Y.S.2d 246 (3rd Dept., 1962) held that under Sect. 13(1) of the Lien Law a judgment is entitled to priority over a mechanic's lien if two conditions are met: (1) the judgment is filed prior to the mechanic's lien and (2) the judgment is for materials or labor or finances furnished for the particular project involved. Clarence did and does not satisfy the first of these conditions. *Onondaga Com. D. Wall Corp. v. 150 Clinton St.*, 25 N.Y.2d 106, 302 N.Y.S.2d 795, 250 N.E.2d 211 (1969), involved the question of relative priorities between mechanic's lienors under Article 2 of the Lien Law and trust beneficiaries under Article 3–A of that law. The former were declared to have priority claims upon a fund deposited in court to "take the place" of the property. In the instant case, Clarence and U.S. are both only trust beneficiaries under Article 3–A, so that the question is one of priorities between trust beneficiaries only.

Clarence's claim to priority over the claims of the United States arising out of this project is denied; to the contrary, such claims of the United States have priority over this claim by Clarence.