MORRIS ISER, Appellant, v. HERBERT MARKS BUILDING CORP., INC., et al., Defendants, and ALVIN B. STEELE et al., Respondents.

(Argued March 26, 1930; decided May 6, 1930.)

*Max J. Le Boyer* and *Charles Cooper* for appellant. The exaction of $6,480 as a bonus for a loan of $2,160, for a. period of nine months, shocks the conscience of a court of equity, and to give respondent Hurwitz priority as against the appellant for the bonus charge is grossly inequitable. (*Lehnert* v. *Notlim Realty Corp.*, 251 N. Y. 340; *Anglo-American S. & L. Assn.* v. *Campbell*, 13 App. D. C. 581; *Penn. Steel Co.* v. *Title Guarantee & Trust Co.*, 193 N. Y. 37; *Claypool* v. *German Fire Ins. Co.*, 32 Remy, 540; *Joralemon* v. *McPhee*, 31 Col. 26.) · The determination of the Appellate Division is erroneous in increasing respondent's lien for the reason that such increased sum then included $6,480 which was not advanced and $3,500 which concededly had never been advanced on the strength of the building loan mortgage. (*Lehnert* v. *Notlim Realty Corp.*, 251 N. Y. 340.)

*Benjamin Berger* for Meyer Hurwitz, respondent. The bond and mortgage and the building loan agreement assigned to the respondent Hurwitz were valid liens to the extent of the sum of $12,400 and accrued interest and prior in lien to that of the appellant's mortgage. (*Lehnert* v. *Notlim Realty Corp.*, 251 N. Y. 340; *Penn. Steel Co.* v. *Title Guar. & Trust Co.*, 193 N. Y. 37; *Lowenfeld* v. *Wimpie*, 139 App. Div. 67; 203 N. Y. 646; *Hardin* v. *Hyde*, 40 Barb. 435; *Farmers & Mechanics Bank* v. *Smith*, 61 App. Div. 315; *Hubbell* v. *Blakeslee*, 71 N. Y. 65; *Farr* v. *Nichols*, 132 N. Y. 327; *Agawam Bank* v. *Strever*, 18 N. Y. 502; *Simons* v. *First Nat. Bank*, 93 N. Y. 269; *Merchants' Nat. Bank* v. *Hall*, 83 N. Y. 338; *Hyman* v. *Hauff*, 138 N. Y. 48.)

LEHMAN, J. The plaintiff's consolidated mortgage is subordinate to the lien of the defendant Hurwitz for advances made pursuant to the building loan agreement and mortgage for $54,000, executed and filed before the plaintiff's mortgage. The building loan agreement provides that the first advance of $8,640 shall be made at the time of the execution of the agreement. Other advances were to become due at later stages of the progress of the work, but the lender might at his option make any advances before they were due. At the time of the execution of the instruments the lender delivered checks to the order of the borrower aggregating the sum of $8,900. The largest check, for the sum of $6,840, was immediately indorsed and delivered to the lender and retained by the lender as a bonus for the agreement to make the building loan.

The lender stipulated for the payment of that bonus. The borrower agreed, as it had a right to do. Part of the moneys secured by the mortgage were used for the payment of the bonus. Nothing in the building loan agreement or mortgage forbade, expressly or by implication, such use of the moneys advanced. The lien for advances made in accordance with its terms is superior to the lien of a subsequent mortgagee, who takes with notice of the prior mortgage and building loan agreement. (*Hyman* v. *Hauff*, 138 N. Y. 48; *Pennsylvania Steel Co.* v. *Title Guarantee & Trust Co.*, 193 N. Y. 37.) A different question was presented in *Lehnert* v. *Notlim Realty Corp.* (251 N. Y. 340). There the priority of lien for advances made under a building loan agreement and mortgage depended not upon the terms of the agreement between borrower and lender but upon the terms of a subordination agreement executed by a prior mortgagee. We held only that the terms of the subordination agreement did not cover particular advances. Here the Appellate Division correctly held that the plaintiff's mortgage was subordinate to the

lien of the defendant Hurwitz for the entire sum of $8,900 advanced at the execution of the mortgage.

The Appellate Division erroneously found that an additional sum of $3,500 was also advanced pursuant to the mortgage. That sum was never advanced pursuant to the mortgage. It had been loaned by Hurwitz long before the mortgage was executed. When the mortgage was thereafter assigned to Hurwitz it did not cover any moneys previously loaned by the assignee, and the owner of the premises could not at that time agree to extend its protection to cover a prior unsecured loan.

The judgment should be modified in accordance with this opinion and as modified affirmed, without costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.