SAMUEL A. TELSEY, Respondent, *v.* CALVIN-MORRIS CORPORATION et al., Defendants, and HOEGGER, INC., Appellant.

(Argued October 11, 1932; decided January 10, 1933.)

*Morris Gottlieb* and *Nathaniel Fishman* for appellant. Plaintiff's mortgage does not contain a proper trust fund covenant as required by section 13 of the Lien Law (Lien Law, §§ 10, 36.)

*Gerson C. Young* and *Leon G. Telsey* for respondent. Plaintiff's mortgage complied in all respects with section 13 of the Lien Law as it was when the mortgage was placed. (Lien Law, § 36.) Defendant-appellant, having itself failed to comply with the provisions of the Lien Law, has no standing to invoke their protection in attack upon the validity of the mortgage in suit. (*Sexauer & Lemke* v. *Burke & Sons Co.*, 228 N. Y. 341; *Weaver Hardware Co.* v. *Solomowitz*, 98 Misc. Rep. 413; *Grippin* v. *Weed*, 22 App. Div. 593; *De Klyn* v. *Simpson*, 34 App. Div. 436; *Packard* v. *Sugarman*, 31 Misc. Rep. 623; *Pennsylvania Steel Co.* v. *Title Guarantee & Trust Co.*, 50 Misc. Rep. 51; 120 App. Div. 879; 193 N. Y. 37.)

KELLOGG, J. The defendant Calvin-Morris Corporation was the owner of premises on the northeast corner of Madison avenue and Seventy-sixth street upon which it had erected or was in the course of erecting a building known as the Carlyle Hotel. It was, also, the owner of premises on the southeast corner of Madison avenue and Seventy-seventh street upon which it had erected or was in the course of erecting a large apartment house. On the 6th day of November, 1930, it executed and delivered to the plaintiff its bond for $200,000; on the same day, to secure the bond, it executed and delivered to the plaintiff a mortgage covering the two parcels above mentioned. The mortgage was subject to two prior mortgages, securing, in the aggregate, the sum of approximately $4,300,000. On the very day when the bond and mortgage were delivered, the plaintiff advanced to the defendant Calvin-Morris the sum of $170,000; on the 14th of November he advanced the balance of $30,000. The mortgage was not recorded until the 2nd day of Decem-

ber, 1930. At this time the premises were unincumbered by any lien whatsoever, except the two prior mortgages mentioned. Thereafter, on January 13, 1931, the appellant, Hoegger, Inc., filed a notice of mechanic's lien stating the amount claimed due to it for materials furnished to be $10,261.69.

Although the plaintiff's mortgage was recorded prior to the filing of appellant's notice of lien, the appellant claims that it has priority, since the mortgage, as to it was invalid. This claim is grounded upon the provisions of subdivisions 2, 3 and 5 of section 13 of the Lien Law (Cons. Laws, ch. 33). Subdivision 2 provides: " Every mortgage recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion thereof shall, to the extent of advances made before the filing of a notice of lien, have priority over liens thereafter filed if it contains the covenant required by subdivision three hereof." The covenant provided for in subdivision 3 is " a covenant by the mortgagor that he will receive the advances secured thereby as a trust fund to be applied first for the purpose of paying the cost of improvement, and that he will apply the same first to the payment of the cost of improvement before using any part of the total of the same for any other purpose." Subdivision 5 provides: " No instrument of conveyance recorded subsequent to the commencement of the improvement, and before the expiration of four months after the completion thereof, shall be valid as against liens filed during the said period, unless the instrument contains a covenant " identical with the covenant set forth in subdivision 3. The mortgage did in fact contain a covenant that " if this mortgage is recorded subsequent to the commencement of any improvements, repairs or alterations to or upon the mortgaged premises and before the expiration of four months after the completion thereof " the mortgagor will receive the advances as a trust fund, and apply them

first to pay the cost of improvement before using any part thereof for any other purpose. It may be questionable whether this conditional convenant is the substantial equivalent of the absolute covenant required by the statute. This question it is unnecessary now to decide for reasons which will be given.

The covenant is a requisite only of those mortgages which are recorded during a period between the commencement of the improvement and a date not more remote than four months after its completion. The question here is, Was this mortgage recorded " before the expiration of four months after the completion " of the improvement.

There is no evidence in the case, given by the owner, the contractor, the architect or any other person, as to the date of completion of either building, constituting an integral part of the improvement made, unless certain equipment furnished by Hoegger, Inc., the appellant, who claims a lien, may be regarded as " materials furnished " for the " permanent improvement " of real property (Lien Law, § 2), in which case there might be proof of completion of the " improvement " within the four-month period. No testimony was given to indicate whether the articles in this equipment were ever attached in any wise to either of the buildings; none to show that they ever became an integral part of either structure. They are described in the notice of lien not otherwise than as follows: " The materials furnished were bathroom accessories and closet poles." Closet poles, as one ordinarily conceives them, are merely furniture, not fixtures, and as such not an " improvement " to real estate. " Bathroom accessories " bring to mind towels, soap, bath mats, soap dishes, and the like, which are clearly furniture. " A notice of lien must be sufficient in essentials in and of itself." (Per POUND, J., in *Pascual* v. *Greenleaf Park Land Co.*, 245 N. Y. 294, 298.) It might perhaps be reasoned that a notice of lien is not sufficient which does

not on its face disclose that the putative lienor has supplied materials or labor " for the improvement of real estate." However, it is unnecessary here to decide the question. The only external proof offered consists of two contracts between the builder and the lienor, which were offered in evidence, but not printed in the record on appeal. These contracts are not referred to in the notice of lien and cannot well be identified as describing the materials furnished for which the notice of lien was filed. One contract calls for the supply of a great quantity of items falling into several classes, designated as " crystal shelf," " crystal soapholder," " crystal towel bar," " paper holder," " bag hook," or by some similar name. Clearly many of these may have been furniture or loose equipment. The other contract provides for the supply of sets of " rods " consisting of " 20 gauge crodon plated tubing." What these may be, no one can learn from the document, and no one has told from the witness chair. Even if these articles were supplied to the buildings in the months of August, September, October or November, 1930, it does not appear that they in any wise became an integral part of either structure for the equipment of which they were furnished, so as to affect the question whether or not the mortgage, which was recorded on December 2, 1930, was so recorded within four months after the completion of " the improvement." It does not appear, therefore, that the mortgage in question was within the class to which section 13 refers; nor does it appear that the equipment comprised articles for which the appellant might have a lien upon real estate, to which, under the statute, the plaintiff's mortgage, if recorded within four months from completion, must have given way.

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.