Peter M. Daly, J.
In this action to foreclose a building loan mortgage, plaintiff moves for summary judgment.
*763 The material facts are as follows: On June 29, 1956, Davan Construction Corp. conveyed the land involved in this action to defendant Queens Apartment, Inc. Simultaneously with the consummation of that transaction said defendant, as borrower, and Jerome Osinoff and Morris Osinoff (the latter being now deceased), as lender, entered into a building loan contract and Queens Apartments, Inc. executed and delivered to the lender a note in the face amount of $220,000 and a building loan mortgage in the same amount.
The building loan contract was duly filed on July 6, 1956, and the building loan mortgage was duly recorded on July 10, 1956.
The building loan contract provided that $55,000 was to be advanced on the closing thereof and on the borrower’s taking title to the premises and that ‘ ‘ Out of the aforesaid $55,000.00 there will be paid to the Lender the sum of $19,800.00 representing service charges [and] the sum of $1,500.00 representing counsel fees ”. Other advances were to be made later upon the completion of specified stages of the work with an option in the lender to advance parts or the whole of any installments before they became due.
In an affidavit sworn to on June 29, 1956, and annexed to and made part of the building loan contract, the president of Queens Apartments, Inc. stated, in pertinent part, as follows: ' ‘ The consideration paid, or to be paid, by the borrower to the lender for the loan described therein [i.e., in the building loan contract] is nineteen thousand eight hundred Dollars ($19,800.00), and that all other expenses incurred or to be incurred, in connection with said loan are as follows:
* * *
“ Attorney’s Fees $1,500.
* * *
‘' Purchase money advanced out of the loan for the acquisition of the land, in the sum of 22,500.
‘ ‘ and that the net sum available to the said borrower for the improvement is One Hundred and Seventy Four Thousand and Five Hundred Dollars ($174,500 00/) ”.
The building loan mortgage also provided that “ This mortgage to the extent of $22,500. thereof is given to secure part of the purchase price for the conveyance of the above described premises by Davan Construction Corp. to the mortgagor herein.”
*764 The $55,000 was advanced as scheduled and the items quoted above, in addition to others not here material, deducted- therefrom. The last payment on the balance of ' ‘ the net sum available to the said borrower ” was'made on February 7,.1957.
The four opposing defendants are, respectivley, Safeway Concrete Co., Inc. ; the Eisenbergs; Louis Light Corp. and Kingsway Plumbing Supply Co., Inc. Safeway, the concrete contractor, entered into its contract with Queens Apartments, Inc., on January 7, 1957, and filed its notice of lien on April 5, .1957. The Eisenbergs, the carpentry contractors, entered into' their contract with Queens Apartments, Inc., on November 20, 1956, and filed their notice of lien on April 8, 1957. Louis Light Corp., the plumbing and heating contractor, entered into it's contract with Queens Apartments, Inc., on November 29, 1956, and filed its notice of lien on April 22, 1957. Kingsway, which contracted with Louis Light Corp. in December, 1957, to furnish it with materials, filed its notice of lien on June 3, 1957. All of the contracts made with Queens Apartments, Inc. contained the following provision: “ The contractor hereby waives his lien for work, labor and services and materials furnished.” No such waiver was executed by Kingsway.
The objections raised by the opposing defendants are directed to the $22,500 expended for the purchase of the land upon which the improvement was to be madé, the $19*800 paid to the lender as a bonus and the $1,500 paid to the- lender’s attorney for counsel fees. The argument* in substance, is that the item for $22,500 is illegal as not included within the term “ cost of improvement ” as defined in subdivision 5 of section-2 of' the Lien Law and that the remaining items are not “ fair and reasonable ’ ’ sums paid for obtaining the building loan, sums which are included within the term “ cost of improvement”. In its answer Safeway also charges Queens Apartments, Inc. and the Osinoffs with a conspiracy to defraud laborers, materialmen and subcontractor's.
In the opinion of this court neither the objections to the items noted nor the charge of conspiracy constitutes a defense to this action.
The building' loan contract complied- meticulously with the requirements of sectibn 22 of the Lien Law, the* object of which “is to acquaint prospective contractors' with the fact that they furnish labor and materials subject to claims prior to theirs against the property, so far as advances thereunder are prior to their liens when filed (Lien Law, § 13), and also to inform such contractors of the amounts to be advanced arid the times of such advances.” (McDermott v. Lawyers Mtge. Co., 232 *765 N. Y. 336, 341-342.) Furthermore, all the advances made under the building loan contract were not only made before any notice of lien was filed, but the building loan mortgage itself was duly recorded before commencement of the improvement, thus taking this mortgage without the class to which section 13 of the Lien Law refers. (See Telsey v. Calvin-Morris Corp., 260 N. Y. 456, 459, 460.) In other words, the building loan mortgage here sought to be foreclosed would be entitled to priority over the subsequent liens of the opposing defendants (cf. Iser v. Marks Bldg. Corp., 253 N. Y. 499) even if it did not contain the trust fund covenant required by the statute (Lien Law, § 13, subds. [2], [3]) if mortgages “ recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion of the improvement” (Lien Law, § 13, subd. [3]) are to have priority “ to the extent of advances made before the filing of a notice of lien ” (Lien Law, § 13, subd. [2]).
Assuming, however, that the provisions of subdivisions (2) and (3) of section 13 of the Lien Law were applicable, the same result would follow. The building loan mortgage here involved did contain the trust fund covenant. But subdivision (3) of section 13 of the Lien Law specifically and plainly provides that '‘ nothing in this section, nor in that portion of section two of this chapter, defining ‘ cost of improvement ’ shall be deemed to impair or subordinate the lien of any mortgage containing the covenant required by this subdivision.” Furthermore, in the very next sentence it is provided that the remedy for breach of the trust is “ a civil action only ”, obviously against the mortgagor.
As for the charge of conspiracy made by Safeway in its' answer, suffice it to state that no proof thereof has been adduced sufficient to raise a triable issue. Indeed, its opposing affidavit to this motion is limited to alleged misrepresentations, unnecessary to specify, made by Queens Apartments, Inc., alone.
In view of the foregoing it is unnecessary to decide whether the items objected to were validly deducted from the first advance or the effect upon that question of the written waivers of lien executed by three of the opposing defendants.
Accordingly, plaintiff’s motion is granted.
Submit order.