Simon J. Liebowitz, J.
Plaintiff moves for reargument. Defendant Naiztat Iron Works, Inc. (Naiztat), in opposing the motion to reargue, contends at the outset that since, as of the date that the notice of motion for reargument was served, namely, October 6, 1971, no order had as yet been signed and entered on the court’s decision denying the original motion for summary judgment, the court is without jurisdiction to entertain the motion to reargue. This contention lacks substance. Even though an order determining a motion has not yet been settled and entered, the court has power to correct its decision, whether upon a motion to reargue (Friedman v. Mealy, 20 Misc 2d 919), or in the absence of a motion for reargument (Bonilla v. Reeves, 49 Misc 2d 273, 278). Moreover, an order in the instant case determining the original motion for summary judgment was made and entered October 7,1971. No useful purpose would be served by a disposition of the motion to reargue on the basis of defendant Naiztat’s preliminary objection, since such disposition would merely have the result of requiring plaintiff to renew the motion to reargue on the basis of the order of October 7, 1971.
The motion for reargument is accordingly granted. Upon reargument, the original decision denying plaintiff’s motion for *120 summary judgment as contained in the order of October 7, 1971 is vacated and the original motion for summary judgment is granted as indicated hereinbelow.
The action is one to foreclose a building loan mortgage dated July 16, 1970 which was executed by the defendant Four Star Heights, Inc. as owner in fee of the subject real property. The only defendants who have interposed answers to the complaint are the defendant Duo Plumbing & Heating Corp. (Duo) and defendant Naiztat, both of whom will also be referred to herein collectively as “ the defendants.”
This motion for summary judgment presents the question of whether the building loan mortgage held by plaintiff takes priority over the respective mechanics ’ liens filed by the defendants. The evidentiary facts and the documentary evidence and proof proffered by plaintiff conclusively show that money ($37,500) was advanced by plaintiff on July 16, 1970 and that the building loan mortgage and building loan contract, both dated July 16, 1970, were respectively recorded and filed on July 21, 1970, all prior to the time that the defendants filed their respective notices of lien on December 18,1970.
Subdivision (2) of section 13 of the Lien Law, relating to mechanics’ liens, provides that “When a building loan mortgage is delivered and recorded a lien shall have priority over advances made on the building loan mortgage after the filing of the notice of lien; but such building loan mortgage, whenever recorded, to the extent of advances made before the filing of such notice of lien, shall have priority over the lien, provided it or the building loan contract contains the covenant required by subdivision three hereof, and provided the building loan contract is filed as required by section twenty-two of this chapter.” (Emphasis supplied.)
The building loan mortgage in the instant case contains the covenant required by subdivision (3). The requirement reads in part as follows: “Every such building loan mortgage * * * recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion of the improvement shall contain a covenant by the mortgagor that he will receive the advances secured thereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of improvement * * * before using any part of the total of the same for any other purpose ”.
The plaintiff has also satisfactorily shown that the building loan contract was filed as required by, and in compliance with, section 22 of the Lien Law, which requires the filing of a build *121 ing loan contract and specifies the requisite contents of such a contract.
In short, plaintiff has clearly established compliance with those sections of the Lien Law which accord to a building loan mortgage priority over mechanics’ liens filed subsequent to the mortgage.
The denials in the respective answers of the defendants of any knowledge or information sufficient to form a belief, without any supporting evidentiary facts, do not raise a triable issue; nor is there any merit to the defendants’ defenses and counterclaims insofar as those defenses and counterclaims purport to affect plaintiff’s priority of claim.
Duo’s first counterclaim merely alleges in substance that Duo duly filed, on December 18, 1970, a mechanic’s lien for plumbing materials furnished and labor performed and that plaintiff’s interest or lien “is subsequent and subordinate” to Duo’s lien. The second counterclaim, also asserted as a cross claim against defendant Four Star Heights, Inc. and certain officers and/or directors of said corporation, alleges that the advance of money which the officers and/or directors of Four Star Heights, Inc. received for the improvement of the. subject real property constituted a trust within the meaning of article 3-A of the Lien Law for the purpose of paying Duo and others who furnished materials and performed labor for the improvement of the property; that plaintiff, before advancing money under the building loan contract and the mortgage, knew or should have known that the officers and/or directors of Four Star Heights, Inc. were in violation of the trust and fiduciary relationship as set forth in article 3-A, and that the moneys that plaintiff advanced to Four Star Heights, Inc. and its officers and/or directors would not be used or applied for improvement of the property or for the payment of such improvements.
The affidavit submitted on behalf of Duo in opposition to plaintiff’s motion for summary judgment sets forth certain contentions which appear to represent an attempt on the part of Duo to furnish the underlying rationale and the evidentiary facts to support the allegations of the first counterclaim, which in effect claims that Duo’s lien takes precedence over plaintiff’s mortgage. These contentions are devoid of merit. While Duo may have furnished materials and performed work with respect to the subject property prior to the time that the plaintiff’s building loan contract and building loan mortgage were filed and recorded, such alleged fact in itself would not have material bearing on the question of priority as between that mortgage and the subsequently filed mechanic’s lien. Subdivision *122 (2) of section 13 of the Lien Law, hereinabove quoted in part, specifying the circumstances in which a building loan mortgage is entitled to priority, embraces a situation in which improvements to the real property have commenced prior to recordation of the mortgage; for, subdivisions (2) and (3) of section 13, when read together, provide that a building loan mortgage recorded subsequent to the commencement of the improvement to the real property and before the expiration of four months after the completion of the improvement is to have priority, to the extent of advances made before the filing of a notice of lien, if such mortgage or the building loan contract contains the trust covenant required by subdivision (3), and provided further that the building loan contract is properly filed.
Similarly immaterial is Duo’s contention that the plaintiff knew that a plumber (Duo) did work and also required the work to be done before money was to be advanced. Such knowledge imputed to plaintiff is not a substitute for the filing requirement imposed by the Lien Law in determining priority as between a building loan mortgage and a mechanic’s lien (cf. P. T. McDermott, Inc. v. Lawyers Mtge. Co., 232 N. Y. 336). The provisions of the Lien Law make it clear that the order of priority is fixed by the chronological order in which filing and recordation take place. The filing of the notice of lien as prescribed in the Lien Law is the act that creates the lien; there is no lien prior thereto (see Lien Law, § 3; Tisdale Lbr. Co. v. Read Realty Co., 154 App. Div. 270, 271-272; Matter of Lycee Francais de New York v. Calagna, 26 Misc 2d 374, 377).
It is well established that the filing of a mechanic’s lien in a form which fails substantially to comply with the Lien Law, the statute which authorizes the creation of such lien, is void and is ineffective to confer priority as against the subsequently filed lien of another (Flaum v. Picarreto, 226 N. Y. 468; Toop v. Smith, 181 N. Y. 283). A fortiori, the failure, as in the instant case, to file a mechanic’s lien prior to the time that the lien of the building loan mortgage takes effect precludes any successful assertion of priority as against the mortgage. Duo’s contention that11 to apply the letter of the law as prayed for by plaintiff would be prejudicial to defendant Duo and unjustly enrich the plaintiff” is without substance and of no legal significance, and it does not affect the plaintiff’s priority of lien which took effect upon recordation of the building loan mortgage previous to the time that defendants filed their notices of lien. The mechanic’s lien is a creature of statute, and at common law was not recognized on either the law or equity side of the court; hence, since no mechanic’s lien, equita *123 ble or otherwise, existed prior to statute, no “ equitable ” mechanic’s lien can be decreed (see Billson Housing Corp. v. Harrison, 26 Misc 2d 675, 676; Jenson, Mechanics’ Liens [4th ed.], § 1); nor can any equitable lien whatsoever be decreed where, as here, there is no proof, nor even a claim, that there was a confidential relationship between the owner of the property and the person who furnished the improvements to the property, or that there was an agreement that the premises would be held as security for the obligation (see Billson, supra; Anderman v. 1395 E. 52nd St. Realty Corp., 60 Misc 2d 437, 439).
Duo argues additionally that the interest, taxes, water charges and sewer rents, the nonpayment of which brought on the instant action to foreclose, are items that have ‘ ‘ nothing to do with the ‘ improvements ’ that the Lien Law was passed to protect, ’ ’ and that, ‘ ‘ If anything, they should be general charges after the liens.” This argument is without merit and cannot prevail. The lien of the building loan mortgage embraces the right to foreclose upon default in payment of the obligations assumed in the mortgage or upon any other breach of the conditions contained in the mortgage, the provisions of which are matters of public record and the knowledge of which is chargeable to defendants. The exercise of the right of priority accorded to a prior recorded mortgage is not restricted by the Lien Law to situations involving only a default in repayment of the principal amount of the loan.
Similarly without merit is Duo’s contention that ‘ ‘ charges (such as ‘ commitment charge ’; brokers [sic] fees; prior taxes, assessments, water charges and sewer rents) not directly related to the improvement should not be included in this mortgage priority claim. ’ ’ The building loan contract provides for such payments, including payment of a bonus for the making of the loan, and for the deduction of such payments from the advances made to the owner of the property. Such provisions have been upheld and do not fall outside the priority protection afforded to the building loan by the Lien Law (see Pennsylvania Steel Co. v. Title Guar. & Trust Co., 193 N. Y. 37, 43, 45; Iser v. Marks Bldg. Corp., 253 N. Y. 499; Dime Sav. Bank of Brooklyn v. Garner Constr. Corp., N. Y. L. J., Sept. 24, 1969, p. 16, col. 2). Accordingly, Duo’s first counterclaim is incapable of preventing summary judgment in favor of plaintiff, whose mortgage antedated the filing of Duo’s lien.
Duo’s second counterclaim, which is asserted also as a cross claim against the owner of the subject property, Four Star Heights, Inc., and certain officers and/or directors of said cor *124 poration, charges, as has been hereinabove stated, that there was a violation of this trust established by article 3-A (§§ 70-79-a, inch) of the Lien Law. The allegation that the plaintiff knew or should have known that the defendant Four Star Heights, Inc. received money which it did not apply to the improvements is not supported by any evidentiary fact; but even if true, this allegation would not render plaintiff accountable to the defendants, in the absence of any bad faith on the part of the plaintiff. Plaintiff was not a transferee of the trust funds and therefore the provisions of article 3-A are not applicable in the foreclosure action. It is also not inapposite to note that subdivision (3) of section 13 of the Lien Law, in requiring in certain situations hereinabove referred to that the building loan mortgage shall contain a trust covenant by the mortgagor, further provides that ‘ ‘ Nothing in this subdivision shall be considered as imposing upon the lender any obligation to see to the proper application of such advances by the owner ”.
This counterclaim and the cross claim, insofar as it is directed against plaintiff, must be deemed without merit. However, Duo, notwithstanding plaintiff’s objection, is entitled to a severance of the cross claim insofar as it is directed against the defendants named therein; plaintiff has no standing to object to such a severance. Duo is entitled to pursue its remedies against the named defendants independently of foreclosure (see 37 N. Y. Jur., Mechanics’ Liens, §§ 159,161,162).
In view of the court’s determination that plaintiff satisfactorily complied with the filing and recording requirements of the Lien Law, the “ defense ” alleged in Naiztat’s answer, namely, that the building loan contract and the building loan mortgage were not properly recorded and filed in conformance with section 22 of the Lien Law and that as a result any interest of plaintiff is subject to Naiztat’s lien and claim, is rejected. The argument that any advances made by plaintiff prior to the filing and recording of the building loan contract and the building loan mortgage are invalid and unenforceable against Naiztat need not detain us. Whatever may have been the law previously, it appears that ‘ ‘ Under the present statute * * * the advances have priority even if the contract was not filed when they were made, so long as the building loan contract is filed on or before the recording of the mortgage pursuant to Lien Law, Section 22, and provided the contract or the building loan mortgage contains the covenant required by Lien Law, Section 13(3).” (1 Warren’s Weed N. Y. Beal Property, Building Loan Contracts, § 3.04).
*125 Naiztat’s argument that plaintiff “ violated the Lien Law in that it made advance payments contrary to the schedule of payments ” contained in the building loan contract, “ for the purpose of undermining” Naiztat’s interest, is also rejected. The building loan contract expressly accords the plaintiff as lender the right in its discretion to advance payments to the owner of the property before they become due in accordance with the schedule. There is nothing contained in section 22 of the Lien Law, nor has the court been referred by counsel to any other provision of the law, which prohibits such a contractual arrangement in the absence of any bad faith or fraud. Naiztat submits no evidence which would cast doubt on the good faith of the parties in entering into the arrangement which forms the basis of this objection by Naiztat.
Naiztat’s assertion that the motion for summary judgment must be denied because plaintiff does not allege in its moving papers that it made advance payments in accordance with the schedule of payments is devoid of substance. There is no statutory requirement for such an allegation nor has any case been cited which would support Naiztat’s position. In any event, the moving papers contained an explicit allegation that the advances made by the plaintiff were in conformity with and pursuant to the provisions of the building loan contract.
In short, the questions of law raised by defendants having been determined in plaintiff’s favor, and the defendants having failed to offer any evidentiary showing sufficient to raise a triable issue of fact, the motion for an order striking out the answers of the defendants Duo and Naiztat and for summary judgment is granted as indicated. Duo’s cross claim against the defendants Four Star Heights, Inc., Harvey Cohen and Henry Jur is severed and continued as against said defendants.