■ JAMES R. McDONOUGH et al., Appellants, v MARINE MIDLAND BANK —CENTRAL, Respondent. (Appeal No. 1.)—Judgment unanimously affirmed, without costs, for the reasons stated at Special Term, Lynch, J. (Appeal from judgment of Onondaga Supreme Court—summary judgment.) Present —Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.

■ CALEDONIA LUMBER & COAL COMPANY, INC., Respondent, v CHILI HEIGHTS APARTMENTS, et al., Defendants, and SIBLEY CORPORATION, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Defendant Sibley Corporation appeals from an order of Special Term, Monroe County, denying its motion to dismiss the complaint which demands return of funds allegedly retained in violation of article 3-A of the Lien Law. The plaintiff seeks to impose a trust on that portion of the building loan originally withheld as a loan fee which it alleges is not a fair and reasonable charge. Special Term ruled that the issue of reasonableness creates a question of fact and dismissed the motion without prejudice pending completion of an examination before trial of the Sibley Corp. We have previously determined that a lender is not a statutory trustee within article 3-A of the Lien Law, in *Matter of ALB Contr. Co. v York-Jersey Mtge. Co.* (60 AD2d 989). The trust fund is that portion of the loan received by the owner or contractor (Lien Law, § 70, subd 1). There is no dispute concerning, and the record reflects satisfactory compliance with, the filing and recording requirements of section 22 of the Lien Law. Therefore the mortgage held by Sibley takes priority over the respective mechanic's liens, if any *(Home Fed. Sav. & Loan Assn. v Four Star Hgts.,* 70 Misc 2d 118). The building loan provides, *inter alia,* that payment of expenses including a loan fee be deducted from the advances to Chili Heights Apts., Inc. Such a provision is an ordinary and usual practice *(Pennsylvania Steel Co. v Title Guar. & Trust Co.,* 193 NY 37) and does not fall outside the priority protection afforded to the building loan by the Lien Law. In its answering affidavit plaintiff merely challenges the reasonableness of the loan fee. No fact or evidence is submitted which would cast doubt on the good faith of the parties in entering into the agreements for the loan fee. It is incumbent upon a party opposing a motion for summary judgment to assemble and reveal its proof to establish the existence of a genuine issue of fact *(Koppers Co. v Empire Bituminous Prods.* 35 AD2d 906, affd 30 NY2d 609; *Di Sabato v Soffes,* 9 AD2d 297). Plaintiff may have a civil action against the remaining defendants, *(Osinoff v Queens Apts.,* 10 Misc 2d 762). However, plaintiff has failed to establish any valid claim as a beneficiary of any trust assets as against Sibley Corp. *(Onondaga Commercial Dry Wall Corp. v Sylvan Glen Co.,* 26 AD2d 130). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Dillon, P. J., Cardamone, Simons, Callahan, and Witmer, JJ.