OPINION OF THE COURT
Gerald S. Held, J.
*245 In this action petitioners allege that respondents have improperly diverted trust funds. Respondents Fleet Bank and Fleet Bank, N. A. move for an order, pursuant to CPLR 3211 (a) (7), dismissing the complaint on the ground that the complaint fails to state a cause of action and awarding respondents costs on this motion. Petitioners cross-move for an order, pursuant to CPLR 3025, granting leave to amend the petition.
In support of the motion to dismiss, an affidavit is submitted by Peter Anzivino in which he states that he is a banking officer of Fleet Bank, the successor in interest to Nor star Bank. Nor star entered into a project loan mortgage and security agreement in the amount of $728,144, dated May 28, 1992, made by Berry Street Corp. as mortgagor, and Nor star as mortgagee, which agreement was later modified by an agreement dated August 9,1994, by the parties. Nor star also entered into a building loan mortgage and security agreement in the amount of $11,771,856 dated May 28, 1992, made by Berry Street Corp. as mortgagor to Nor star Bank as mortgagee, which agreement was later modified by an agreement dated August 9, 1994, by the parties. All of the aforesaid agreements were duly recorded in the City Register’s Office of Kings County. Each of the mortgages contained the following provision: "32. Lien Law. This mortgage is subject to the trust fund provisions of section 13 of the Lien Law of the State of New York.”
Prior to March 26, 1992, Berry Street Corp., owner of the Berry Street Houses, and Aneiro/Berry Street Corp., the contractor, entered into a contract with respondent New York City Housing Authority (NYCHA) to transfer for value title to the Berry Street Houses to respondent NYCHA upon completion of improvements by the owner and contractor in accordance with the contract terms. The contract provided for periodic monetary advances to be made by NYCHA to the owner and contractor as certain portions of the improvements were completed until transfer of title. Petitioners Aspro Mechanical Contracting, Inc. (Aspro) and Charles Iannazzo, doing business as C & I Associates (C & I), are licensed plumbing and electrical concerns respectively. On July 7,1992, petitioner Aspro contracted to provide labor, materials and plumbing at the buildings, and on March 26, 1992, C & I also contracted to provide labor, materials and electrical work at the buildings. Aspro completed all contract work and received payment except for $63,949.20 which remains unpaid. C & I completed all contract work and received payment except for $31,565 which remains unpaid. In May 1996, petitioners commenced *246 an action in this court (index No. 16281/96) against Berry Street Corp., Aneiro Concrete Co., Aneiro/Berry Street Corp., Fireman’s Fund Insurance Company, and the Travelers Insurance Company to recover the aforesaid sums. On November 8, 1996, judgment was rendered in favor of the petitioners against Berry Street Corp. and Aneiro/Berry Street Corp., defaulting respondents in the prior action. Thereafter, this lawsuit was commenced in which it is claimed that funds that were paid or payable to Fleet Bank were improperly diverted trust funds.
Fleet Bank argues that: its only function in the transaction was that of a lender/mortgagee; the subject mortgage documents contained the provision required by Lien Law § 13, to wit, "this mortgage is subject to the trust fund provisions of section 13 of the Lien Law of the State of New York”; and the mortgages were duly recorded as provided by Lien Law § 22. In response to petitioners’ claim that the funds that were repaid to Fleet Bank pursuant to the mortgages and funds owed to Fleet in an escrow account were and are "trust assets” pursuant to article 3-A of the Lien Law (§§ 70 — 79-a), Fleet argues that lenders are not trustees under sections 70 — 79-a of the Lien Law and their provisions therefore do not apply to it. "[A] lender is not a statutory trustee within article 3-A of the Lien Law” (Caledonia Lbr. & Coal Co. v Chili Hgts. Apts., 70 AD2d 766). Moreover, Fleet Bank’s mortgages are superior to petitioners’ judgment liens which did not arise until over, four years later (see, Home Fed. Sav. & Loan Assn. v Four Star Hgts., 70 Misc 2d 118, 121). Fleet Bank also alleges that it never assumed control of the proceeds of any of the periodic monthly payments made by NYCHA to Berry Street Corp. and/or Aneiro/Berry Street Corp., nor "directed to whom and what amounts payments for the costs incurred in improving Berry Street Houses were to be made.” Further, Fleet never stepped into the shoes of those entities. Therefore, Fleet requests that: its motion for dismissal be granted; the court declare that its mortgage interest is superior to petitioners’ judgment liens; and award Fleet its costs of this proceeding.
In opposition to respondent’s motion and in support of their cross motion for leave to amend the petition, petitioners contend that as a result of the mortgagee’s failure to file a notice of lending as provided by Lien Law § 73 (3) and its further failure to file a notice of assignment as required by Lien Law § 15, the judgment creditors’ liens are superior to the recorded mortgages. Petitioners allege that they recently became aware (upon receipt of NYCHA’s answer) that the contract between *247 NYCHA and. Berry Street Corp., which is a contract for the performance of labor and materials for the improvement of realty, had been assigned to Fleet Bank. By virtue of said assignment, NYCHA agrees that all payments of the purchase price becoming due pursuant to the contract shall be made directly to Nor star and not to Berry Street Corp. The bank, it is argued, by failing to file a notice of lending or a notice of assignment thus changed its status from that of a lender/ mortgagee allegedly in compliance with the Lien Law to that of a transferee diverting trust assets. The bank, after receiving trust assets, with knowledge that petitioners had not been paid, it is alleged, transferred the assets to itself as reimbursement for previous loans to the owner, which is a nontrust purpose.
Lien Law § 73 (1) states: "In any action against a person to whom trust assets have been transferred, to recover assets diverted from the trust or to recover damages for the diversion, a transferee named in a 'Notice of Lending’ filed as provided, in subdivision three of this section shall be entitled to show by way of defense that the transfer was made * * * in consideration of or in repayment of advances made to or on behalf of the trustee in accordance with such notice of lending * * * if such defense is established, the transferee shall be entitled to a credit for the amount of the advances”.
With respect to the cases cited by Fleet Bank, petitioners point out that in neither case did the lender /mortgagee receive an assignment of contract for the improvement of real property together with an assignment of the funds due or to become due therefor from the owner of real property improved, nor did the lender/mortgagee fail to file a notice of lending and a notice of assignment as in the case at bar. In National Sur. Corp. v Fishkill Natl. Bank (61 Misc 2d 579, affd 37 AD2d 537), an action was commenced under article 3-A of the Lien Law by a surety, as subrogee of the rights of laborers and materialmen, to recover trust funds allegedly diverted by the bank as a lender. The court held that the surety was authorized by the Lien Law to prosecute a trust fund action against the bank as an alleged diverter of trust funds as if it were itself a stated beneficiary. The court declared: "The bank having failed to file an assignment or 'Notice of Lending’ in the manner required by the statute, the assignment is invalid as against the surety, and the [petitioner] is entitled to a judgment that the bank’s application of the funds to its own use constituted a diversion under the afore-mentioned statutes” (at 586). Similarly, in the *248 instant case, the mortgagee, having failed to file a notice of lending and a notice of assignment, the assignment is thus rendered invalid as against the judgment creditors. A fortiori, the petitioners may be entitled to a judgment that the bank’s application of the funds to its own use may have constituted a diversion under the Lien Law (see also, Canron Corp. v City of New York, 89 NY2d 147).
Accordingly, respondents’ motion to dismiss the complaint is denied in toto and petitioners are awarded statutory costs.
With respect to petitioners’ cross motion for leave of the court to amend the petition in the form annexed to their papers to include new matter: namely, an assignment of the contract between judgment debtor Berry Street Corp. and the respondent NYCHA by Berry Street Corp. to respondent Fleet Bank, of which assignment petitioners had no knowledge prior to service of NYCHA’s answer as previously set forth. They also wish to correct the petition by eliminating all references to periodic monthly advances made by NYCHA to the judgment debtors. After acquiring knowledge of the assignment, petitioners realized that the only payment NYCHA was obliged to make was upon completion of the improvements. Payment was made, not to Berry Street Corp., but directly to Fleet Bank in accordance with the assignment. Other changes are sought in order to be consistent with the assignment disclosure. The motion is granted. "It is well settled that leave to amend or supplement pleadings should be freely granted, unless the amendment sought is palpably improper or insufficient as a matter of law or unless prejudice and surprise directly results from the delay in seeking the amendment * * * Further, the [respondents] can hardly claim prejudice or surprise since [respondents’] * * * cause of action arises out of the same underlying facts” (Nissenbaum v Ferazzoli, 171 AD2d 654, 655; see also, Kaplan v Sparks, 192 AD2d 1119, 1120; Sabol & Rice v Poughkeepsie Galleria Co., 175 AD2d 555, 556).