DiMarco Constructors, LLC v Top Capital of N.Y. Brockport, LLC (2021 NY Slip Op 02680)





DiMarco Constructors, LLC v Top Capital of N.Y. Brockport, LLC


2021 NY Slip Op 02680


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


860 CA 19-01875

[*1]DIMARCO CONSTRUCTORS, LLC, KENNEDY MECHANICAL PLUMBING & HEATING, INC., LANDMARK ELECTRIC, INC., U.S. CEILING CORP., SWAN TILE & MARBLE, INC., KORNERSTONE KITCHENS, LLC, BBT CONSTRUCTION SERVICES, INC., NORTHEAST COMMERCIAL FLOORING, INC., AND JAMES C. DELLY, DOING BUSINESS AS JAMES C. DELLY CUSTOM PAINTING, ON THEIR OWN BEHALF AND ON BEHALF OF OTHERS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
TOP CAPITAL OF NEW YORK BROCKPORT, LLC, PERSISTENCE PATH, LLC, ZHENG ZHOU, TIMOTHY COOPER, TIMOTHY POLEY, MICHAEL PALUMBO, DEFENDANTS-RESPONDENTS-APPELLANTS, AND LOUIS GIARDINO, DEFENDANT-RESPONDENT.






ADAMS LECLAIR, LLP, ROCHESTER (RICHARD T. BELL, JR., OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS. 
BOYLAN CODE LLP, ROCHESTER (ROBERT J. MARKS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.


 Appeal and cross appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 26, 2019. The order, among other things, denied that part of the cross motion of plaintiffs seeking partial summary judgment and denied in part the motion of defendants-respondents-appellants for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is modified on the law by denying the motion in its entirety and as modified the order is affirmed without costs.
Memorandum: Plaintiffs, the general contractor and subcontractors in a construction project, commenced this action seeking, inter alia, to recover the balance allegedly due under a construction contract between defendant Top Capital of New York Brockport, LLC (Top Capital) and the general contractor, i.e., plaintiff DiMarco Constructors, LLC (DiMarco). Plaintiffs allege that $1,783,320.22 remains due, and assert causes of action including breach of contract, diversion of trust funds against Top Capital, and participation in diversion of trust funds against the individual defendants (see Lien Law art 3-A). Supreme Court granted in part the motion of defendants-respondents-appellants (defendants) for partial summary judgment dismissing the causes of action asserting diversion of trust funds and participation in diversion of trust funds (diversion causes of action) by limiting plaintiffs' potential damages on those causes of action to a maximum of $104,205.99, and otherwise denied defendants' motion. Furthermore, insofar as relevant here, the court denied that part of plaintiffs' cross motion seeking partial summary judgment on the issue of liability with respect to the cause of action asserting diversion of trust funds against Top Capital. Plaintiffs appeal and defendants cross-appeal.
"[T]he primary purpose of [Lien Law] article 3-A and its predecessors . . . [is] to ensure that those who have directly expended labor and materials to improve real property [or a public improvement] at the direction of the owner or a general contractor receive payment for the work actually performed" (Matter of RLI Ins. Co., Sur. Div. v New York State Dept. of Labor, 97 NY2d [*2]256, 264 [2002] [internal quotation marks omitted]). "Use of trust assets for any purpose other than the expenditures authorized in Lien Law § 71 before all trust claims have been paid or discharged constitutes an improper diversion of trust assets, regardless of the propriety of the trustee's intentions" (id. at 263). Under Lien Law article 3-A, a trust beneficiary may maintain an action "to recover trust assets from anyone to whom they have been diverted with notice of their trust status" (LeChase Data/Telecom Servs., LLC v Goebert, 6 NY3d 281, 289 [2006]; see Lien Law § 77).
Initially, with respect to the appeal and cross appeal, the parties dispute the total amount of assets that are subject to the protection of the Lien Law's trust provisions. Defendants contend on their cross appeal that the trust fund consisted of only $12,728,764 and that the diversion causes of action should have been dismissed in their entirety because it is undisputed that Top Capital made payments totaling $13,230,794 to DiMarco for plaintiffs' services related to the construction contract. We agree with plaintiffs, however, that, as a matter of law, "[t]he trust fund is that portion of the [building] loan [contract] received by the owner or contractor" (Caledonia Lbr. & Coal Co. v Chili Hgts. Apts., 70 AD2d 766, 766 [4th Dept 1979], citing Lien Law § 70 [1]; see also § 70 [5] [a]), and the parties do not dispute that Top Capital received disbursements totaling $13,334,999.99 as a result of the relevant building loan contract between Top Capital and a nonparty bank.
We further agree with plaintiffs on their appeal that the court erred in granting defendants' motion in part by limiting the potential damages in the diversion causes of action to a maximum of $104,205.99 based on Top Capital's alleged restoration of trust assets through payments made with non-trust assets, and we therefore modify the order by denying defendants' motion in its entirety. Plaintiffs allege that approximately $1.4 million in trust assets was improperly diverted by defendants. The court, in limiting the potential recovery on the diversion causes of action, credited not just Top Capital but all defendants for the approximately $1.3 million Top Capital paid DiMarco from non-trust assets after the trust fund was depleted. That was error because defendants failed to establish their entitlement to a restoration defense as a matter of law. Contrary to defendants' assertion, the Court of Appeals has rejected the argument that a defendant can cure an improper diversion of trust assets, and therefore avoid liability for that diversion, by a subsequent payment from non-trust assets (see Caristo Constr. Corp. v Diners Fin. Corp., 21 NY2d 507, 512-513 [1968]). Defendants rely on dicta in that case wherein the Court of Appeals posited that, if non-trust fund assets are used "to pay trust claims and there had been no loss to anyone, [then] there would have been no ultimate diversion or loss for which the [defendant] would be liable" (id. at 513 [emphasis added]). Under such circumstances, "the salutary purposes of the rather rigorous regulations of the Lien Law [would not be] avoided or blunted" (id.). Here, however, plaintiffs allege that $1,783,320.22 remains due for labor and materials and that approximately $1.4 million of the trust assets intended to pay for the same was improperly diverted by defendants. Thus, this is not the hypothetical double-recovery situation envisioned by the Court of Appeals where "there ha[s] been no loss to anyone" even assuming funds were improperly diverted (id.). Indeed, to hold otherwise would open the door to "the practice of 'pyramiding,' in which [owners or] contractors use loans or payments advanced in the course of one project to complete another," one of the very evils that the Lien Law was intended to guard against (RLI Ins. Co., Sur. Div., 97 NY2d at 264; see generally Aquilino v United States of Am., 10 NY2d 271, 275 [1961]).
Finally, we conclude that, contrary to plaintiffs' contention on their appeal, the court properly denied that part of their cross motion seeking partial summary judgment on the issue of liability with respect to the cause of action asserting diversion of trust funds against Top Capital inasmuch as there are "triable issues of fact as to whether, and to what extent, trust funds may have been diverted" (Roos v King Constr., 179 AD3d 857, 859 [2d Dept 2020]).
All concur except Curran, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent and would affirm Supreme Court's order. I agree with the majority that, with respect to the appeal and cross appeal, the trust fund in this case "is that portion of the [building] loan [contract] received by the owner or contractor" (Caledonia Lbr. & Coal Co. v Chili Hgts. Apts., 70 AD2d 766, 766 [4th Dept 1979]), and that therefore the amount of the trust fund is, as a matter of law, valued at $13,334,999.99. I also agree with the majority that, contrary to plaintiffs' contention on their appeal, the court properly denied that part of their cross motion seeking partial summary judgment on the issue of liability with respect to the cause [*3]of action asserting diversion of trust funds against defendant Top Capital of New York Brockport, LLC (Top Capital) because there exist triable issues of material fact "whether, and to what extent, trust funds may have been diverted" under Lien Law article 3-A (Roos v King Constr., 179 AD3d 857, 859 [2d Dept 2020]).
I disagree with the majority, however, that the motion of defendants-respondents-appellants (defendants) for partial summary judgment should be denied in its entirety because I conclude that there are no issues of fact with respect to the maximum amount of plaintiffs' potential damages on the causes of action asserting diversion of trust funds and participation in diversion of trust funds (diversion causes of action). In my view, because it is undisputed that plaintiffs have been paid the amount of $13,230,794, which has been "applied for payment of the cost of improvement" (Lien Law § 71 [1]), defendants are entitled to interpose a payment defense for that amount (see CPLR 3018 [b]) against plaintiffs' diversion causes of action. In other words, even assuming that Top Capital diverted trust funds to some defendants, all defendants are entitled to a credit on the diversion causes of action for the amount already "applied for payment of the cost of improvement" to plaintiffs (Lien Law § 71 [1]; see Travelers Indem. Co. v Central Trust Co. of Rochester, 47 Misc 2d 849, 852-853 [Sup Ct, Monroe County 1965], affd 27 AD2d 803 [4th Dept 1967]; Raisler Corp. v Uris 55 Water St. Co., 91 Misc 2d 217, 222-223 [Sup Ct, NY County 1977]). Consequently, the court properly invoked CPLR 3212 (g) to determine that plaintiffs' relief on those causes of action is limited to the difference between the undisputed amount of the trust fund and the undisputed amount already paid by defendants, i.e., $104,205.99.
I respectfully disagree with the majority's conclusion that defendants are not permitted to assert a partial payment defense, also known as a restoration defense, because defendants could not establish that the trust fund beneficiaries, i.e., plaintiffs, suffered "no loss" whatsoever (Caristo Constr. Corp. v Diners Fin. Corp., 21 NY2d 507, 513 [1968]). As I understand the majority's conclusion, which is primarily based on dicta in Caristo, defendants are not entitled to any credit for the amounts they indisputably paid for the "cost of improvement" (Lien Law § 71 [1])—to the extent such amounts may have been diverted by Top Capital—because all of those purportedly diverted funds have not been paid to plaintiffs. In my view, adopting such an all or nothing approach to the applicability of a payment defense—i.e., rejecting the concept that partial payment may be an available defense—finds no direct support in Caristo, any other precedent, or any provision of Lien Law article 3-A. Indeed, "the defense of partial payment" is well established under the law (P.B. Ogden, Inc. v Jordache Dev., 298 AD2d 976, 976 [4th Dept 2002]; see generally CPLR 3018 [b]; Ross v Ross Metals Corp., 111 AD3d 695, 696-697 [2d Dept 2013]; State of New York Higher Educ. Servs. Corp. v Starr, 179 AD2d 992, 994 [3d Dept 1992], lv denied 80 NY2d 757 [1992]).
Additionally, I do not share the majority's concern about " 'pyramiding' " (Matter of RLI Ins. Co., Sur. Div. v New York State Dept. of Labor, 97 NY2d 256, 264 [2002]) here because this case involves a single project for which there was just one "building loan contract" (Lien Law § 70 [5] [a]). The proceeds of the building loan contract were disbursed to an "owner" as trust assets pursuant to Lien Law § 71 (1), and not to a "contractor or subcontractor" pursuant to Lien Law § 71 (2). Thus, there is no danger that "contractors [will] use loans or payments advanced in the course of one project to complete another"—the peculiar evil that Lien Law article 3-A was intended to vitiate (RLI Ins. Co., Sur. Div., 97 NY2d at 264 [emphasis added]).
In short, taken to its logical conclusion, I fear that the majority's analysis could potentially result in plaintiffs obtaining what is in effect a double recovery from defendants on the diversion causes of action—i.e., an amount that exceeds the undisputed amount of the trust fund corpus. I respectfully submit that a double recovery is contrary to the Lien Law, unsupported by precedent, and inconsistent with the concept of a payment defense.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court