DiMarco Constructors, LLC v Top Capital of N.Y. Brockport, LLC (2025 NY Slip Op 01461)

DiMarco Constructors, LLC v Top Capital of N.Y. Brockport, LLC

2025 NY Slip Op 01461

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

66 CA 24-00391

[*1]DIMARCO CONSTRUCTORS, LLC, PLAINTIFF-RESPONDENT, ET AL., PLAINTIFFS,
v
TOP CAPITAL OF NEW YORK BROCKPORT, LLC, ZHENG ZHOU, TIMOTHY COOPER, QUAD SEAS, LLC, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

BOYLAN CODE LLP, ROCHESTER (MICHAEL J. WEGMAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ADAMS LECLAIR LLP, ROCHESTER (RICHARD T. BELL, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered September 7, 2023. The judgment, inter alia, granted plaintiff DiMarco Constructors, LLC, money damages against defendants Top Capital of New York Brockport, LLC, Zheng Zhou, Timothy Cooper and Quad Seas, LLC. 
It is hereby ORDERED that said appeal insofar as taken by defendant Timothy Cooper is unanimously dismissed and the judgment is affirmed without costs.
Memorandum: DiMarco Constructors, LLC (plaintiff) commenced this action seeking, inter alia, to recover the balance allegedly due under its construction contract with defendant Top Capital of New York Brockport, LLC (Top Capital). Plaintiff asserted causes of action for, among other things, breach of contract and diversion of trust funds. Top Capital and defendants Zheng Zhou, Timothy Cooper, and Quad Seas, LLC (Quad Seas), a company owned by Cooper, now appeal from a judgment entered after a nonjury trial finding, in relevant part, that Top Capital breached the contract and that Zhou, Cooper, and Quad Seas were personally liable for trust fund diversion in violation of article 3-A of the Lien Law.
Initially, we dismiss the appeal insofar as taken by Cooper inasmuch as he is deceased and no substitution for him has been made or sought (see CPLR 1015, 5016 [d]; Kelly v St. Francis Hosp., 100 AD3d 707, 707-708 [2d Dept 2012]).
On an appeal from a nonjury trial, this Court "has authority
. . . as broad as that of the trial court . . . and . . . may render the judgment it finds warranted by the facts" (Village Green E. Holdings LLC v Blaakman, 220 AD3d 1214, 1215 [4th Dept 2023] [internal quotation marks omitted]). "Nonetheless, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Unger v Ganci [appeal No. 2], 200 AD3d 1604, 1605 [4th Dept 2021] [internal quotation marks omitted]; see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]; Dennis v Cerrone, 229 AD3d 1116, 1118 [4th Dept 2024]).
We reject the contention of Top Capital, Zhou, and Quad Seas (defendants) that DiMarco's total compensation should be limited under the doctrine of in pari delicto. Even assuming, arguendo, that defendants raised that defense below, Supreme Court's rejection of that defense is based on a fair interpretation of the evidence. The doctrine of in pari delicto [*2]"mandates that the courts will not intercede to resolve a dispute between two wrongdoers" (Kirschner v KPMG LLP, 15 NY3d 446, 464 [2010]). It "requires immoral or unconscionable conduct that makes the wrongdoing of the party against which it is asserted at least equal to that of the party asserting it" (Romanoff v Romanoff, 148 AD3d 614, 615 [1st Dept 2017] [internal quotation marks omitted]). Here, any wrongdoing by plaintiff was minor and not equal to that of defendants (see generally McConnell v Commonwealth Pictures Corp., 7 NY2d 465, 471 [1960]).
Defendants' remaining contention was raised and decided by this Court on the prior appeal (DiMarco Constructors, LLC v Top Capital of N.Y. Brockport, LLC, 193 AD3d 1375 [4th Dept 2021]), and further review is therefore foreclosed (see Matter of Foreclosure of Tax Liens [Neal—Fedder Lofts, LLC], 211 AD3d 1508, 1509 [4th Dept 2022]; Snuszki v Wright, 34 AD3d 1235, 1236 [4th Dept 2006], appeal dismissed 8 NY3d 980 [2007]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court